STATE of Wisconsin, Plaintiff-Respondent,†

v.

Michael M. LONGCORE, Defendant-Appellant.

Court of Appeals

*No. 98–2792–CR. Submitted on briefs February 12, 1999.—Decided March 23, 1999.*

(Also reported in 593 N.W.2d 412.)

†Petition to review granted.

1

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William E. Schmaal,* assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Steven J. Madson,* assistant district attorney of Green Bay.

Before Cane, C.J., Myse, P.J., and Hoover, J.[1]

HOOVER, J.   Michael Longcore appeals a conviction for eighth offense operating a motor vehicle after revocation, contrary to § 343.44(1), STATS. He contends that the circuit court erred by denying his motion to suppress evidence. The circuit court held that the arresting officer believed a traffic regulation was violated, the regulation is ambiguous, the officer's interpretation of the regulation was reasonable and therefore his suspicion that the law was violated was reasonable. We agree with Longcore that this case involved a probable cause stop, not one based upon a reasonable suspicion. We further hold that if an officer

---

[1] This case was considered by a three-judge panel pursuant to the chief judge's order of March 15, 1999.

erroneously applies the law to the facts, he does not have probable cause to believe the law was violated. The judgment of conviction is therefore vacated, the order denying Longcore's motion to suppress is reversed and the matter is remanded for further proceedings consistent with this opinion.

Longcore filed a motion to suppress his identity and other evidence based upon his contention that the arresting officer did not have a reasonable suspicion that Longcore committed, was committing or was about to commit an offense. At the motion hearing, the arresting officer, Kevin Larson, testified and the circuit court found that he was on patrol when his suspicion was aroused by a vehicle "pulling out of a parking lot at approximately 2 o'clock [a.]m. . . . in front of several businesses that were clearly closed for the night." This is one reason that Larson stopped the vehicle. He also observed that a rear passenger window was missing and replaced with a plastic sheet. Larson believed that this constituted a violation of the safety glass statute, § 347.43(1), STATS.[2]

The circuit court concluded that Larson's first reason was insufficient to justify the stop. The State does not contest this holding on appeal. The court also held, however, that Larson's second reason did justify the stop, "even if the officer was incorrect about the violation actually occurring."

---

[2] Section 347.43, STATS., provides: "Safety glass. (1) No person may operate on a highway any motor vehicle manufactured after January 1, 1936, unless such motor vehicle is equipped with safety glass wherever glass is used thereon in partitions, doors, windows or windshields."

The circuit court considered § 347.43, STATS., to be ambiguous.[3] Rather than resolving the ambiguity,[4] the court relied on cases from other jurisdictions to hold that:

> an officer's belief that a traffic violation had occurred constitutes reasonable suspicion, even if the officer was incorrect about the violation actually occurring. If the officer had a reasonable belief that there was a traffic violation, and ultimately some magistrate concludes that the officer was wrong, if the belief is reasonable, that still constitutes reasonable suspicion.

The circuit court went on to note a foreign opinion that held that a suspicion based upon a lack of knowledge is not necessarily unreasonable.

To reframe the circuit court's ruling, it held that the officer believed a traffic regulation was being violated, the regulation is ambiguous, the officer's interpretation was reasonable and therefore his suspicion that the law was violated was reasonable. The circuit court was confronted with a case of first impression and provided a thoughtful and logical analysis. We nevertheless perceive two material problems with the analysis and must therefore reject it.

---

[3] The officer believed and the State argued that the statute "requires that only glass . . . be in the areas of an automobile where glass would normally be found. That having any other material in there is a violation . . . ." Longcore argued that *if* glass is present on a particular vehicle, it must be safety glass.

[4] Longcore was not charged with a violation of § 347.43(1), STATS., and, therefore, given the circuit court's resolution of the reasonable suspicion issue, it was not necessary to determine the statute's application.

The Fourth Amendment to the United States Constitution and art. I, § 11, of the Wisconsin Constitution prohibit the unreasonable seizure of a person without a warrant supported by probable cause. *See State v. Gaulrupp*, 207 Wis. 2d 600, 605 n.2, 558 N.W.2d 696, 698 n.2 (Ct. App. 1996). Detaining a motorist for a routine traffic stop constitutes a "seizure" and, if the seizure was illegal, then evidence obtained as a result is inadmissible. *Berkemer v. McCarty*, 468 U.S. 420, 436–37 (1984); *Florida v. Royer*, 460 U.S. 491, 501 (1983). A brief detention, however, is not "unreasonable" if it is justified by a *reasonable suspicion* that the motorist has committed, is committing, or is about to commit an offense. *Berkemer*, 468 U.S. at 439.

Our first concern involves the circuit court's view that the "reasonable suspicion" may extend beyond the relation of articulable facts to the law and encompass an officer's reasonable suspicion of what the law is. Here, the circuit court considered that it was reasonable that an officer might not know the ambiguous statute's proper application and that the officer's construction of the safety glass law was objectively reasonable. This reasoning is in the nature of, although not precisely analogous to, the "good faith" exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 922 (1984).[5] Wisconsin's exclusionary rule was announced in *Hoyer v. State*, 180 Wis. 407,

---

[5] In *United States v. Leon*, 468 U.S. 897, 922 (1984), the United States Supreme Court recognized a "good faith" exception to the exclusionary rule when a law enforcement officer acts with an objectively reasonable reliance on a subsequently invalidated search warrant.

193 N.W. 89 (1923), predating the federal rule.[6] The exclusionary rule created in *Hoyer* did not recognize an exception for officers acting in good faith, nor has our supreme court adopted the federally created good faith exception.[7] We are not free to effectively overrule *Hoyer* by discovering an exception to the exclusionary rule that our supreme court adopted in that decision. This court is bound by the decisions of the supreme court. *State v. Clark*, 179 Wis. 2d 484, 493, 507 N.W.2d 172, 175 (Ct. App. 1993). Thus, arguments that excuse an officer's reasonable but misguided conduct are inapplicable to suppression motions based upon the Wisconsin Constitution. Longcore's motion to suppress is predicated in part upon art. I, § 11, of the Wisconsin Constitution.

[6] Earlier United States Supreme Court cases developed an exclusionary rule and, although the issue is somewhat murky, it appears that rule was based upon the Fifth, not the Fourth, Amendment. *See, e.g., Agnello v. United States*, 269 U.S. 20, 33–34 (1925); *Gouled v. United States*, 255 U.S. 298, 306–07 (1921); *Boyd v. United States*, 116 U.S. 616, 633 (1885); *but cf. Weeks v. United States*, 232 U.S. 383, 393 (1914). In *Wolf v. Colorado*, 338 U.S. 25, 28 (1949), the Supreme Court ascribed the exclusionary rule exclusively to the Fourth Amendment.

[7] In *State v. Meyer*, 216 Wis. 2d 729, 755 n.20, 576 N.W.2d 260, 272 n.20 (1998), the supreme court declined the opportunity to consider whether a good faith exception to the exclusionary rule should be recognized. *See also State v. Higginbotham*, 162 Wis. 2d 978, 988, 471 N.W.2d 24, 29 (1991) ("[W]e do not consider the issue of whether this court should adopt the 'good faith' exception to the exclusionary rule established by the United States Supreme Court in *Leon.*"). This court has recently certified to the Wisconsin Supreme Court the issue whether Wisconsin recognizes the good faith exception to the exclusionary rule. *See State v. Turner*, No. 97–3762, 1999 WL 47717 (Wis. Ct. App. Feb. 4, 1999).

7

The second problem with the circuit court's analysis is that it employs a reasonable suspicion rather than a probable cause rationale. Longcore argues that the *"constitutional standard in question is . . . one of probable cause to make a traffic arrest."* We agree.

Reasonable suspicion is based upon specific and articulable facts that together with reasonable inferences therefrom reasonably warrant a *suspicion* that an offense has occurred or will occur. *Terry v. Ohio,* 392 U.S. 1, 21–22 (1968). It is insufficient to support an arrest or search, but permits further investigation. *Brown v. Texas,* 443 U.S. 47, 51 (1979); *State v. Cheers,* 102 Wis. 2d 367, 386–87, 306 N.W.2d 676, 684–85 (1981). Probable cause is a common sense test that looks to the totality of the circumstances facing the officer at the time of the arrest to determine whether the officer could have reasonably believed the defendant had committed, or was committing, an offense. *County of Dane v. Sharpee,* 154 Wis. 2d 515, 518, 453 N.W.2d 508, 510 (Ct. App. 1990).

Larson observed the plastic window covering, which he believed constituted an equipment violation. He did not act upon a suspicion that warranted further investigation,[8] but on his observation of a violation

---

[8] Compare this case to, for example, the situation where the officer does not know what particular offense may have been committed. *See State v. Anderson,* 155 Wis. 2d 77, 84, 454 N.W.2d 763, 766 (1990) ("[S]uspicious conduct by its very nature is ambiguous, and the principle [sic] function of the investigative stop is to quickly resolve that ambiguity."). Thus, flight from police may be considered an indication of mens rea, or a guilty mind, and give rise to a reasonable suspicion, in and of itself. *Id.* at 79, 454 N.W.2d at 764.

being committed in his presence. The issue is, then, whether an officer has probable cause that a law has been broken when his interpretation of the law is incorrect. If the facts would support a violation only under a legal misinterpretation, no violation has occurred, and thus by definition there can be no probable cause that a violation has occurred. We conclude that when an officer relates the facts to a specific offense, it must indeed *be* an offense; a lawful stop cannot be predicated upon a mistake of law.

■ While this court cannot embrace the circuit court's rationale, that does not mean the principal issue is settled. If the State's construction of § 347.43(1), STATS., is correct, then Larson had probable cause to seize Longcore for a safety glass violation. Statutory interpretation presents a question of law this court undertakes de novo. *State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). In the interest of judicial economy, it would be preferable for this court to construe § 347.43(1), rather than remand for a circuit court determination. In this instance, however, the State's brief does not sufficiently develop this issue, and we therefore decline to do so.

■ While Longcore provides an analysis in support of his interpretation of the statute, the State merely asserts that the statute "requires the use of glass[,] not plastic[,] wherever glass is used thereon in positions, [sic] doors, windows, or windshields. There is no indication that [§ ]347.43, [STATS.] authorizes the use of a plastic cover to replace a broken out window." This is a conclusion, not an analysis. Under § 809.19(1)(e), STATS., appellate argument requires, inter alia, an argument containing the contention of the party *and*

9

the reasons therefore. To address the State's argument that the statute clearly prohibits replacing glass with plastic, we would first have to develop it, *i.e.*, supply the reason. It is self-evident an appellate court cannot be in the position of developing a party's argument; we must resolve issues independently and cannot serve as both advocate and judge. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633, 642 (Ct. App. 1992). Therefore, this court has no recourse but to remand the matter to the circuit court to determine whether the facts proven at the hearing constitute a violation of § 347.43(1).

*By the Court.*—Judgment vacated; order reversed and cause remanded with directions.