1999 UT App 262

**STATE of Utah, Plaintiff and Appellant,**

v.

**Clark Roy FRIESEN, Defendant and Appellee.**

**No. 981540–CA.**

Court of Appeals of Utah.

Sept. 16, 1999.

---

8

Jan Graham, Atty. Gen., and Marian Decker, Asst. Atty. Gen., Salt Lake City, for Appellant.

Michael D. Esplin, Aldrich, Nelson, Weight & Esplin, Provo, for Appellee.

Before WILKINS, P.J., BILLINGS, and JACKSON, JJ.

## OPINION

WILKINS, Presiding Judge:

¶1 The State appeals the trial court's order of dismissal based on defendant Clark Friesen's successful motion to suppress for lack of reasonable suspicion. We affirm.

## BACKGROUND

¶2 On October 20, 1997, a Utah Highway Patrol trooper observed Friesen traveling northbound on Interstate 15 near Nephi, Utah. The trooper noticed that Friesen's vehicle was missing a front license plate, and decided to pull Friesen over. Before the trooper activated his lights and stopped Friesen, he observed a Wyoming license plate attached to the rear bumper of Friesen's vehicle.

¶3 The trooper testified that he stopped Friesen solely because his vehicle was missing a front license plate. He also testified that although he knew some states did not require a front license plate, he was unsure of Wyoming's license plate requirement. However, based on the fact that he had

observed other Wyoming vehicles displaying both front and rear plates, the trooper assumed Wyoming required two license plates.

¶ 4 While approaching Friesen's vehicle, the trooper noticed the car had a damaged front bumper and observed the front license plate resting on the dashboard. The trooper asked for, and Friesen provided, a valid driver's license and vehicle registration. The trooper testified that at that point he detected the odor of marijuana. He also noticed a sprig of sage or juniper hanging on the rear view mirror that the trooper believed is commonly used to mask the smell of marijuana.

¶ 5 The trooper asked Friesen for consent to search his vehicle, to which Friesen reluctantly responded, "if you have to." In the front of the vehicle the trooper found two marijuana seeds. Based on this discovery, he searched the remainder of Friesen's car, eventually finding a bag of marijuana.

¶ 6 Subsequently, Friesen filed a motion to suppress all evidence obtained during the search of his vehicle. He argued the trooper violated his Fourth Amendment right to be free from unreasonable search and seizure because the trooper did not have a reasonable articulable suspicion justifying the stop. In granting Friesen's motion, the trial court concluded the trooper's assumption that Wyoming requires display of both front and rear license plates was insufficient to support a reasonable suspicion that Friesen was engaged in criminal activity. The State appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 We address two issues on appeal: First, did the trial court err in finding the only purpose for the traffic stop was the trooper's assumption that Friesen violated Wyoming law by failing to properly display a front license plate? Second, did the trooper have a reasonable articulable suspicion that Friesen was committing a crime, sufficient to stop Friesen's vehicle?

¶ 8 In reviewing a challenge to a trial court's suppression ruling, we will not reverse the factual findings underlying that ruling unless they are clearly erroneous. *See State v. James,* 858 P.2d 1012, 1014 (Utah Ct.App.1993). Those factual findings are clearly erroneous only if they are against the clear weight of the evidence. *See State v. Strickling,* 844 P.2d 979, 981 (Utah Ct.App. 1992). However, "[w]hether a specific set of facts gives rise to reasonable suspicion is a determination of law and is reviewable non-deferentially for correctness ... [with] a measure of discretion to the trial judge when applying that standard to a given set of facts." *State v. Pena,* 869 P.2d 932, 939 (Utah 1994).

## ANALYSIS

### I. The Stop

¶ 9 The State contends the trial court erred in finding the only purpose for the traffic stop was the trooper's assumption that Friesen violated Wyoming law by failing to display a front license plate. More specifically, the State argues the trial court overlooked the trooper's testimony that he believed the missing front license plate not only violated Wyoming law, but that it was also indicative of an improperly registered or stolen vehicle.

¶ 10 The trooper specifically testified that he stopped Friesen solely because he did not see a front license plate on Friesen's vehicle. The trial court accepted the trooper's testimony, finding that "the only reason [the trooper] stopped [Friesen] was because of the missing front plate." This determination was clearly within the legitimate exercise of the trial court's discretion. *See Bruner v. Carver,* 920 P.2d 1153, 1158 (Utah 1996) ("Trial courts are accorded great discretion in determining factual matters. They are in the best position to assess the credibility of witnesses and to derive a sense of the proceeding as a whole.... '[T]he fact finder is free to weigh the ... evidence presented and to draw its own conclusions.' " (citations omitted)); *Pena,* 869 P.2d at 936 (concluding trial court is free to accord whatever weight it deems appropriate to testimony of witness "because it is before that court that witnesses ... appear and the evidence is adduced"). The finding is not clearly erroneous, and accordingly we affirm the trial court's ruling on this issue. The trial court

did not find that the trooper was motivated by a reasonable articulable suspicion that Friesen's car was improperly registered or stolen. That too is within the province of the trial court, and is also not clearly erroneous.

¶ 11 Having determined the trial court did not err in finding the sole reason the trooper stopped Friesen was because of the missing front plate, we now address the question of whether this amounts to a reasonable suspicion to justify the stop when considered under the prohibitions imposed by the constitution.

## II. Reasonable Suspicion

¶ 12 The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The right to be free from unreasonable searches and seizures extends to a person's automobile. *See State v. Lopez*, 873 P.2d 1127, 1131 (Utah 1994). However, "[a] law enforcement officer may stop a motor vehicle if the officer has a reasonable suspicion the vehicle is being operated in violation of motor vehicle registration laws." *State v. Naisbitt*, 827 P.2d 969, 971 (Utah Ct.App.1992). The reasonable suspicion necessary for an investigative stop of an automobile must be judged against an objective standard—that is, whether there were specific and articulable facts known to the officer, which taken together with rational inferences from these facts, created a reasonable suspicion of criminal activity to justify intrusion into the defendant's personal security. *See Provo City v. Warden*, 844 P.2d 360, 362 (Utah Ct.App.1992), *aff'd*, 875 P.2d 557 (Utah 1994). In determining whether this objective standard has been met, the focus necessarily centers upon the facts known to the officer immediately before the stop. *See id.* Thus, the critical issue in this case is whether the trooper's suspicion that Friesen had violated Wyoming law by failing to properly display a front license plate was reasonably inferable from what he observed. In this case, the

only thing the trooper *observed* was the absence of the front license plate.

¶ 13 In support of the trooper's action, the State urges us to consider not only the facts regarding the condition of Friesen's vehicle, but also the "facts" of the trooper's knowledge of Wyoming law *as facts about which the trooper need only have a reasonable articulable suspicion.* In other words, the State argues the trooper had a reasonable suspicion that Wyoming law required the display of a front license plate on Friesen's car. The reasonableness of this suspicion rests upon the trooper's past observation of automobiles from Wyoming that had both front and rear plates, from which he "assumed" that the Wyoming law was similar to Utah's in requiring both plates to be affixed to the vehicle. The State offers no authority for this application of the notion of reasonable suspicion.[1]

¶ 14 To enforce the law, an officer must know what the law is, and what it prohibits. We hold that the facts about which an officer must have a reasonable articulable suspicion at the time of a traffic stop are those regarding the conduct of the person stopped, not the nature of the law. If the trooper knows the law prohibits certain conduct, and believes that the subject of his suspicion has violated, or is about to violate that legal prohibition, such suspicion may rise to the level of a reasonable articulable suspicion justifying the stop. However, if the conduct of the suspected person is clearly known and the officer's uncertainty—his suspicion—regards the prohibitions of the law, the officer has no basis upon which to make or defend the stop.

¶ 15 The trooper in this instance did not have a reasonable suspicion of criminal activity when he stopped Friesen. The only articulable and specific fact known to him when he stopped Friesen was that Friesen's car had only a rear plate and that some states require vehicles to display front license plates. Having no specific knowledge about

---

1. Contrary to the State's position, the limited case law supports the opposite proposition: that reasonable articulable suspicion does not "extend beyond the relation of articulable facts to

the law and [therefore does not] encompass an officer's reasonable suspicion of what the law is." *State v. Longcore*, 226 Wis.2d 1, 594 N.W.2d 412, 415 (Ct.App.1999).

Wyoming's licensing requirements, he made the decision to stop Friesen only because he presumed Friesen violated Wyoming's motor vehicle law, and that such a violation might be an indicator of other, possibly more serious, offenses as well.

¶ 16 Determining whether a particular governmental intrusion is reasonable requires balancing the public interest with an individual's right to personal security free from arbitrary interference·by law enforcement. *See United States v. Brignoni–Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 2579, 45 L.Ed.2d 607 (1975). Although the people of Utah have an interest in requiring individuals traveling our highways to comply with the law, including the law regarding the display of license plates, this interest does not justify arbitrarily stopping out-of-state vehicles on the chance that there has been a violation of another state's law. Were we to rule otherwise, "every out-of-state vehicle [could] be stopped for no reason other than the officer's ignorance of th[at state's] license plate [requirements]." *State v. Baird,* 763 P.2d 1214, 1217 n. 1 (Utah Ct.App.1988). Thus, we conclude the trial court did not err in determining the trooper lacked a legally sufficient basis for making the stop.

## CONCLUSION

¶ 17 We hold the trial court did not err in finding the only purpose for the traffic stop was the trooper's assumption that Friesen violated Wyoming law by failing to properly display a front license plate. Furthermore, we conclude the trooper was unable to point to specific and articulable facts regarding Friesen's conduct which, taken together with rational inferences, created a reasonable suspicion of criminal activity by Friesen. Accordingly, we affirm the trial court's suppression ruling.

¶ 18 Affirmed.

¶ 19 WE CONCUR: JUDITH M. BILLINGS, Judge, and NORMAN H. JACKSON, Judge.