**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERTO RAMIREZ, also known as
Robert Rodriguez, also known as Roberto
Sanchez Ramirez, Jr., also known as
Darold Norman Hinojos,

    Defendant-Appellant.

No. 03-4084

(D.C. No. 2:01-CR-707-01-DAK)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McWILLIAMS**, and **BRISCOE,** Circuit Judges.[**]

---

Defendant Roberto Ramirez, who entered a conditional plea of guilty to possession

of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1),

appeals the district court's denial of his motion to suppress evidence. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

I.

Ramirez was driving a van registered in Colorado through Utah when the van was stopped by Utah Highway Patrol Sergeant Ryan Bauer. Bauer stopped the van after noticing the van front side windows had an excessive tint, in violation of Utah Code Ann. § 41-6-149. Section 41-6-149(1)(b) provides that, with certain exceptions not relevant here, "a person may not operate a motor vehicle with . . . a front side window that allows less than 43% light transmittance." The statute does not provide an exception for vehicles registered in other states. It is undisputed that the van window tinting did not violate Colorado's less restrictive law. Colo. Rev. Stat. Ann. § 42-4-227(1)(a) (prohibiting window treatments that allow "less than twenty-seven percent light transmittance").

At the suppression hearing, Bauer testified that he observed several things during the stop that made him suspect drugs might be hidden in the van and which led him to ask Ramirez for permission to search the van. Ramirez consented to a search of the van and Bauer discovered two packages containing methamphetamine. Ramirez moved to suppress the methamphetamine, arguing the stop was not based on any reasonable, articulable suspicion of criminal wrongdoing. The district court denied the motion, concluding that Bauer had a reasonable suspicion that Ramirez was operating the van in violation of Utah Code Ann. § 41-6-149.

II.

When reviewing a district court's denial of a motion to suppress, this court accepts

2

the district court's factual findings unless they are clearly erroneous, viewing the evidence in the light most favorable to the government. See United States v. Basham, 268 F.3d 1199, 1203 (10th Cir. 2001). This court reviews de novo the legal question of whether a search violated the defendant's Fourth Amendment rights. See id.

A traffic stop is a seizure within the meaning of the Fourth Amendment and therefore must not be unreasonable. See United States v. Botero-Ospina, 71 F.3d 783, 786 (10th Cir. 1995) (en banc). A traffic stop is reasonable at its inception if the officer had either probable cause or a reasonable articulable suspicion that the motorist violated an applicable traffic or equipment regulation. See id. at 787. Ramirez argues the Full Faith and Credit Clause precludes application of Section 41-6-149 to vehicles registered in other states that are passing through Utah and, thus, there was no reasonable suspicion that Ramirez had violated an applicable equipment regulation. Ramirez' argument is without merit.

The Full Faith and Credit Clause provides that "Full Faith and Credit shall be given in each State to the public acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The Supreme Court has emphasized there is a difference between "the credit owed to laws (legislative measures and common law) and to judgments." Baker v. General Motors Corp., 522 U.S. 222, 232 (1998) (cited with approval in Franchise Tax Bd. of California v. Hyatt, 123 S. Ct. 1683, 1687 (2003)). The Full Faith and Credit Clause "is exacting" with respect to "[a] final judgment . . . rendered

by a court with adjudicatory authority over the subject matter and persons governed by the judgment." Id. at 233. On the other hand, the Full Faith and Credit Clause does not compel "a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." Sun Oil Co. v. Wortman, 486 U.S. 717, 722 (1988) (internal quotation omitted). Here, the State of Utah is competent to pass legislation dealing with the window tinting of vehicles operated within Utah. Utah is not required by the Full Faith and Credit Clause to apply the window tinting statute of Colorado in lieu of its own statute.[1]

In addition to the Full Faith and Credit Clause, Ramirez relies on State v. Friesen, 988 P.2d 7 (Utah App. 1999), and State v. Baird, 763 P.2d 1214 (Utah App. 1988). Neither case is on point. In each case, an officer based the stop of a vehicle registered in another state upon the officer's supposition of the requirements of the law of the state where the vehicle was registered. In Friesen, the defendant's Wyoming registered van was stopped in Utah based on an officer's incorrect speculation that the van might be in violation of Wyoming's license plate display law. During the stop, the defendant

---

[1] Even if the Utah statute were repugnant to the Constitution, the "good faith exception" to the exclusionary rule would apply. Under the "good faith exception," the exclusionary rule does not apply to evidence obtained by police officers who act in reasonable reliance on validly enacted statutes. See Illinois v. Krull, 480 U.S. 340 (1987); United States v. Vanness, 342 F.3d 1093 (10th Cir. 2003) (holding officer's reliance on local noise ordinance was reasonable and therefore exclusionary rule did not apply to evidence obtained as a result of defendant's consent following stop of defendant's car pursuant to noise ordinance – even if ordinance was unconstitutional).

4

consented to a search and marijuana was found. The appellate court, like the trial court, concluded the officer did not have a reasonable suspicion to justify the initial stop. In Baird, the defendant's vehicle was stopped when an officer thought there was something "funny" about the vehicle's Arizona license plate sticker. During the stop, the trooper smelled marijuana and, without the defendant's consent, searched the car and discovered marijuana. The appellate court concluded the officer did not have a reasonable suspicion of a violation to justify the initial stop. In the case before us, unlike Friesen or Baird, the officer knew what Utah law prohibited and his observations supported a reasonable suspicion that the law regarding window tinting was being violated.

Finally, Ramirez notes that Bauer testified he generally only gave warning citations to non-Utah residents operating vehicles in violation of Section 41-6-149. According to Ramirez, this indicates that Bauer had an ulterior motive for stopping him. It is well established that it is irrelevant that an officer "may have had other subjective motives" for stopping a vehicle as long as the officer reasonably suspected that a traffic law was being violated. See Botero-Ospina, 71 F.3d at 787.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5