STATE of Wisconsin, Plaintiff-Respondent,

v.

Terrence T. BOYD, Defendant-Appellant.†

Court of Appeals

*No. 2011AP1056–CR. Submitted on briefs November 29, 2011.
—Decided February 1, 2012.*

2012 WI App 39

(Also reported in 811 N.W.2d 853.)

† Petition for Review denied 6/12/12.

168

On behalf of the defendant-appellant, the cause was submitted on the brief of *Andrea Taylor Cornwall* and

*Kaitlin A. Lamb*, assistant state public defenders of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Reilly, J., and Neal Nettesheim, Reserve Judge.

¶ 1. BROWN, C.J.   Terrence T. Boyd was pulled over for driving a car with an Illinois license plate displayed at the rear, but no license plate in front. The officer who stopped Boyd testified that, to his knowledge, Illinois vehicles typically carry a license plate in the front and in the back. So he believed that Boyd's car should have had a plate in the front as well. Boyd was eventually charged with possession of marijuana with intent to deliver. We uphold the stop. It is undisputed that Boyd was issued two plates in the state of Illinois. Wis. Stat. § 341.15(1) (2009–10)[1] states that: *"[w]henever* 2 registration plates are issued for a vehicle, one plate shall be attached to the front and one to the rear of the vehicle."* (Emphasis added.) This means that, if *any* state issues two plates, the corresponding automobile must display two plates to drive legally in Wisconsin. We reject Boyd's reliance on language in the statute detailing the requirements for registering a vehicle in Wisconsin as in any way controlling. We affirm.

¶ 2.   The facts relevant to this appeal are few. On November 18, 2009, Boyd was stopped and eventually charged with possession with intent to deliver mari-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

juana. According to the officer who pulled Boyd over, his sole reason for stopping the vehicle was that it lacked a front license plate. Boyd filed a motion to suppress evidence, arguing that the officer lacked probable cause to stop the vehicle because Boyd was exempt from the requirement to display a license plate on the front of his car. Therefore, he argued that the arrest was based on a misapplication of the law. *See State v. Longcore*, 226 Wis. 2d 1, 9, 594 N.W.2d 412 (Ct. App. 1999) ("If the facts would support a violation only under a legal misinterpretation, no violation has occurred, and thus by definition there can be no probable cause that a violation has occurred."), *aff'd by an equally divided court*, 2000 WI 23, 233 Wis. 2d 278, 607 N.W.2d 620. The trial court denied the motion, and Boyd entered a plea of no contest. He now appeals.

¶ 3.  Statutory interpretation is a question of law which we review de novo. *Longcore*, 226 Wis. 2d at 9. We begin by examining the language of the statute. *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the statute's meaning is plain, we ordinarily stop the inquiry and do not consult extrinsic sources. *Id.*, ¶¶ 45–46. Both the context and the structure of the statute in which the operative language appears are important to its meaning. *Id.*, ¶ 46. "Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*

¶ 4.  We have already quoted the relevant language in Wis. Stat. § 341.15(1), requiring drivers to display a plate in both the front and rear of a vehicle "whenever" two plates are issued. And we have already

explained how the State relied on this statute to support the stop. We will get to the interpretation of § 341.15(1) in a moment. But first, we must discuss Boyd's argument that § 341.15(1) does not pertain to him because another statute addresses out-of-state drivers. That statute is WIS. STAT. § 341.40 titled "Exemption of nonresidents and foreign-registered vehicles," which outlines when a vehicle registered in another state may be exempt from Wisconsin registration requirements. It reads:

> **(1)** Except as to foreign-owned vehicles required by [WIS. STAT. §] 341.07 to be registered in this state, any vehicle that is registered in another jurisdiction is exempt from the laws of this state providing for the registration of the vehicles if all of the following apply:
>
> (a) The vehicle carries a registration plate indicating the registration in the other jurisdiction.
>
> (b) The vehicle is owned by a nonresident.
>
> (c) The jurisdiction in which the vehicle is registered allows vehicles that are registered in Wisconsin to be operated tax free upon its highways under conditions substantially as favorable to residents of Wisconsin as to its own residents.
>
> (d) The vehicle is operated in accordance with rules adopted by the secretary based on the gross weight of the vehicle . . . .

Sec. 341.40(1).

¶ 5.   Boyd's main argument is that since he qualifies for exemption under WIS. STAT. § 341.40(1), he is not subject to the requirements of WIS. STAT. § 341.15(1). He contends that § 341.40(1)(a) contains the only display requirement he is subject to—the requirement that his vehicle "carr[y] *a* registration plate indicating the reg-

172

istration in the other jurisdiction." (Emphasis added.) To the extent that §§ 341.40(1) and 341.15(1) contain conflicting display requirements, he asserts that § 341.40(1) controls because it applies specifically to "nonresidents" and "any vehicle that is registered in another jurisdiction." The State counters that § 341.40(1) is a statute devoted to the topic of when a vehicle is required to *register* in Wisconsin; as such, it should not be read to address *display* requirements, such as those outlined in § 341.15(1). Therefore, the State contends that the two statutes do not conflict with each other and Boyd is not exempt from § 341.15(1).

¶ 6. Reading WIS. STAT. §§ 341.40(1) and 341.15(1) together, we agree with the State that Boyd was subject to the display requirements of § 341.15(1). The language referencing a single plate in § 341.40(1)(a) is simply the first of a list of criteria that vehicles registered in a jurisdiction other than Wisconsin must meet in order to be exempt "from the laws of this state providing for the registration of the vehicles." In other words, having been issued at least one plate is a condition precedent for exemption, not a display requirement. And since § 341.40(1)(a) does not address how nonresidents are to display license plates, there is no conflict with § 341.15(1).

¶ 7. Now, having dispensed with Boyd's main argument, we can get down to the business of interpreting WIS. STAT. § 341.15, titled "Display of registration plates." As we already pointed out, § 341.15(1) states that "[w]*henever* 2 registration plates are issued, one plate shall be attached to the front and one to the rear of the vehicle." (Emphasis added.) Given the legislature's use of

173

the word "whenever,"[2] § 341.15(1) unambiguously applies to all vehicles operated in Wisconsin, not just those that are also registered in Wisconsin. We note that the very next subsection, § 341.15(1m), sets out requirements for "any registration decal or tag *issued by the department*." (Emphasis added.) Obviously, if the legislature had wanted to limit § 341.15(1) to cars issued two plates in the state of Wisconsin, it could have done so by stating that "whenever 2 registration plates are issued *by the department,* one plate shall be attached to the front and one to the rear . . . ."[3] Boyd's argument essentially asks us to read that extra language into the statute, which is something we may not do. *See Burbank Grease Servs., LLC v. Sokolowski,* 2006 WI 103, ¶¶ 24–25, 294 Wis. 2d 274, 717 N.W.2d 781. We therefore hold that § 341.15(1) applies to all vehicles driven in the state of Wisconsin, not just those registered here.

*By the Court.*—Judgment affirmed.

---

[2] "Whenever" is defined as "at any or all times . . .[;] in any or every instance . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2602 (1993).

[3] Boyd points out in his reply brief that WIS. STAT. § 341.16, the section immediately following WIS. STAT. § 341.15, states that "[w]henever a current registration plate is lost or destroyed, the owner of the vehicle to which the plate was attached shall immediately apply *to the department* for replacement . . . ." Section 341.16(1)(a) (emphasis added). He states that this wording shows that the legislature sometimes uses the term "whenever" referring only to vehicles registered in Wisconsin, as evidenced by the reference "to the department" later in the same statute. *Id.* We view this language quite differently from Boyd's interpretation—it only reinforces our interpretation that when the legislature wants to limit a law's applicability to Wisconsin residents, it knows how to do so.