SHIRLEY S. ABRAHAMSON, J.
¶ 81. (dissenting). The majority opinion reverses the decision of the court of appeals and affirms the defendant's conviction. The conviction was based on a denial of the defendant's motion to suppress evidence obtained from a traffic stop. The traffic stop was predicated on a law enforcement officer's mistake of law, which the majority opinion deems "objectively reasonable."[1]
¶ 82. By declaring for the first time that reasonable suspicion for a traffic stop can rest on a law enforcement officer's objectively reasonable mistake of law, the majority opinion adopts a new interpretation *269 of Article I, Section 11 of the Wisconsin Constitution. It does so solely in order to remain in lockstep with the United States Supreme Court's interpretation of the Fourth Amendment.[2]
¶ 83. The majority opinion overturns not only the court of appeals decision in the instant case but also two prior decisions: State v. Brown, 2014 WI 69, 355 Wis. 2d 668, 850 N.W.2d 66, and State v. Longcore, 226 Wis. 2d 1, 594 N.W.2d 412 (Ct. App. 1999). What happened to precedent and stare decisis?
¶ 84. I would adhere to precedent, reaffirm Brown and Longcore, and affirm the court of appeals decision in the instant case.
¶ 85. In Brown, an opinion released just last year, this court held that reasonable suspicion for a traffic stop cannot rest on a law enforcement officer's mistake of law.[3] After Brown was decided, the United States Supreme Court held in Heien v. North Carolina, 135 S. Ct. 530 (2014), that under the Fourth Amendment, a law enforcement officer's reasonable mistake of law can support reasonable suspicion for a traffic stop.
¶ 86. The majority opinion in the instant case does an about-face, adopting the United States Supreme Court's interpretation of the Fourth Amendment in Heien as the correct interpretation of the Wisconsin Constitution.
¶ 87. The drafters of the Wisconsin Constitution could have simply said "ditto" and incorporated the federal Bill of Rights into the Wisconsin Constitution. *270 But they did not. Instead, they adopted a separate and distinct Wisconsin Declaration of Rights.
¶ 88. In the instant case and many like it, this court is doing what the drafters of the Wisconsin Constitution did not do, namely adopting the federal Bill of Rights. More specifically, by adopting wholesale the United States Supreme Court's interpretation of the federal Bill of Rights as the proper interpretation of Wisconsin's Declaration of Rights, this court is in effect replacing Wisconsin's Declaration of Rights with its federal counterpart. This court is not taking seriously the Justices' oath of office to support the Wisconsin Constitution.
¶ 89. Heien is binding on this court only insofar as the federal constitution is concerned. It is not binding with regard to the state constitution. This court need not and should not automatically adopt the United States Supreme Court's interpretation of the Fourth Amendment as the proper interpretation of Article I, Section 11 of the Wisconsin Constitution.
¶ 90. In Brown, this court set forth three primary reasons for its determination that reasonable suspicion cannot rest on a law enforcement officer's mistake of law:
1. Wisconsin precedent so stated. In State v. Longcore, 226 Wis. 2d 1, 9, 594 N.W.2d 412 (Ct. App. 1999), the court of appeals declared that "a lawful [traffic] stop cannot be predicated upon a mistake of law."
2. Other jurisdictions were in accord. A substantial majority of both the federal circuit courts and the state courts that had addressed the issue had concluded that a law enforcement officer's mistake *271 of law cannot support reasonable suspicion or probable cause for a traffic stop.[4]
3. Holding that a law enforcement officer's mistake of law could support lawful traffic stops would defeat the purpose of the exclusionary rule. More specifically, declining to exclude evidence that was gathered from a traffic stop premised on a law enforcement officer's erroneous view of the law "would remove the incentive for police to make certain that they properly understand the law that they are entrusted to enforce and obey."[5]
¶ 91. These considerations remain persuasive and convince me to adhere to Brown. A law enforcement officer's reasonable mistake of law cannot, in my view, render a traffic stop reasonable in the eyes of the Wisconsin Constitution.
¶ 92. My position is supported by several cogent points that Justice Sotomayor makes in her dissent in Heien:
1. An inquiry into the reasonableness of officers' understanding of the law breaks with longstanding federal and state court precedent.[6]
2. The notion that the law is definite and knowable sits at the foundation of our legal system. Yet, Heien gives those who enforce the law leeway in interpreting and understanding it.[7]
*272 3. Heien "further erod[es] the Fourth Amendment's protection of civil liberties in a context," namely traffic stops, "where that protection has already been worn down."[8]
4. Heien is a significant expansion of officers' authority and leads one to wonder "how a citizen seeking to be law-abiding and to structure his or her behavior to avoid these invasive, frightening, and humiliating encounters could do so."[9]
5. Because traffic stops can be annoying, frightening and humiliating, they have consequences for indi *273 viduals and communities "and for their relationships with the police .. . ."[10]
6. Law enforcement officers have not been unduly hampered in the exercise of their duties by the rule that their mistakes of law are not considered as part of the Fourth Amendment reasonableness inquiry.[11]
7. There is scarcely any law that does not admit of some ingenious doubt.[12] A decision interpreting a law will not immunize the law from further interpretation. Interpretation of the law constitutes a substantial portion of court business.
¶ 93. These considerations apply with equal force in the context of the Wisconsin Constitution. Both precedent and policy compel me to conclude that a traffic stop premised on a law enforcement officer's mistake of law is unreasonable and thus unlawful under Article I, Section 11 of the Wisconsin Constitution.
¶ 94. Accordingly, the traffic stop at issue in the instant case, which was premised on a law enforcement officer's mistake of law, was unlawful. The defendant's motion to suppress the evidence obtained from the unlawful traffic stop should have been granted, and the defendant's conviction should be reversed.
*274 1 95. For the reasons set forth, I dissent.
¶ 96. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

 Majority op., ¶ 71.

 Majority op., f ¶ 46-52.

 State v. Brown, 2014 WI 69, ¶¶ 22—25, 355 Wis. 2d 668, 850 N.W.2d 66.

 Brown, 355 Wis. 2d 668, ¶¶ 23, 25. See also Heien v. North Carolina, 135 S.Ct. 530, 544 (2014) (Sotomayor, J., dissenting).

 Brown, 355 Wis. 2d 668, ¶ 24 (internal quotation marks omitted).

 Heien, 135 S. Ct. at 542-43 (Sotomayor, J., dissenting).

 Id. at 543 (Sotomayor, J., dissenting).
*272 Heien purports to rest on the concept of reasonableness, the touchstone of the Fourth Amendment. However, as Justice Sotomayor's dissent explains,
this broad statement simply sets the standard a court is to apply when it conducts its inquiry into whether the Fourth Amendment has been violated. It does not define the categories of inputs that courts are to consider when assessing the reasonableness of a search or seizure, each of which must be independently justified. What this case requires us to decide is whether a police officer's understanding of the law is an input into the reasonableness inquiry, or whether this inquiry instead takes the law as a given and assesses an officer's understanding of the facts against a fixed legal yardstick.
Id. at 542.

 Heien, 135 S. Ct. at 543 (Sotomayor, J., dissenting).
For discussion of the "wearing down" of the protections of the Fourth Amendment in Wisconsin courts, see Alan Ball, How Effective are Fourth-Amendment Arguments in the Wisconsin Supreme Court?, SCOWstats, June 22, 2015, http://www.scowstats.com/2015/06/22/how-effective-arefourth-amendment-arguments-in-the-wisconsin-supremecourt/ (last visited June 30, 2015) (reviewing decisions of the Wisconsin Supreme Court and concluding that the current judicial climate is inhospitable to Fourth Amendment arguments).

 Heien, 135 S. Ct. at 544 (Sotomayor, J., dissenting).

 Heien, 135 S. Ct. at 544 (Sotomayor, J., dissenting).

 Id.

 Id. Justice Kagan authored a concurrence in Heien explaining that an officer has made a reasonable mistake of law only when the statute in question is "genuinely ambiguous," "requires hard interpretive work," and "poses a quite difficult question." Heien, 135 S. Ct. at 541— 42 (Kagan, J., concurring). I do not think the mistake of law at issue in the instant case falls within this exacting interpretation of what constitutes a reasonable mistake of law.