This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-36590**

**DANITSA ZAVALA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Danitsa Zavala appeals from a June 15, 2017 memorandum opinion of the district court that affirmed Defendant's conviction in metropolitan court for driving under the influence of intoxicating liquor (DWI) to the slightest degree. [RP 94-104] In response to Defendant's docketing statement, we proposed to affirm. Defendant has filed a memorandum in opposition (MIO). After due consideration, we are unpersuaded and therefore affirm Defendant's conviction.

{2}     To the extent possible, we will avoid repetition here of pertinent background and analytical principles set forth in our calendar notice. Instead, we will focus on Defendant's MIO. Defendant revisits both arguments raised in her docketing statement.

**Motion to Suppress**

{3}     Defendant again contends that the evidence obtained from her seizure at the DWI checkpoint should have been suppressed because the checkpoint was unconstitutional and that the checkpoint was unconstitutional because the officers were given excessive discretion. [MIO 1- 5] Defendant argues that we should reconsider whether discretion to pursue checkpoint evaders who crossed the median and, thus, committed a traffic infraction, rendered the checkpoint unreasonable. [MIO 2-3] Defendant has offered a more focused recitation of the facts from the docketing statement, [*Compare* DS 1-8, *with* MIO 2-5] but has not offered any authority that requires or causes us to reconsider our conclusion. Accordingly, for the reasons stated

in our calendar notice and here, we hold that the discretion to pursue potential evaders constitutes minimal discretion and did not render the checkpoint unconstitutional. *See State v. Duarte*, 2007-NMCA-012, ¶ 41, 140 N.M. 930, 149 P.3d 1027 ("What is required is keeping the exercise of discretion to a minimum and reasonable, not the absolute elimination of discretion.").

**Sufficiency of the Evidence**

{4}     Defendant asks us to reconsider whether sufficient evidence was presented to support her conviction, [MIO 6-12] contending that no rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt, [MIO 12] as required. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 988 P.2d 176. Defendant seems to argue that the lack of evidence of poor driving on Defendant's part undermines the jury's conclusion. [*See* MIO 7 ("The State is required to prove that the defendant's driving skills were impaired"; MIO 7 (pointing out that there was testimony that Defendant did not drive poorly and also other evidence of Defendant's appropriate behavior)] We disagree. *See State v. Soto*, 2007-NMCA-077, ¶¶ 32, 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence of DWI pursuant to the impaired to the slightest degree standard, even though there was no evidence of bad driving), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. Defendant also asks us to disregard testimony indicating that she described the amount she drank as a "cup of a sip[,]" stating that the officer

3

could have misunderstood what Defendant said, and that it is more likely that Defendant said something different. [MIO 8] We will not reweigh the evidence, *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156, and we are required to view the evidence in the light most favorable to the guilty verdict, *Cunningham*, 2000-NMSC-009, ¶ 26. Accordingly, we disagree with Defendant that we should conclude that Defendant did not use incorrect diction. Defendant also attacks the reliability of the field sobriety tests, both generally [MIO 8-11] and as applied to Defendant [MIO 10-12]. Defendant has not cited any binding authority indicating that we should ignore the results of field sobriety tests because they are unreliable, and we find the argument unpersuasive. With regard to the application of field sobriety tests to Defendant, we will not reweigh the evidence. *Griffin*, 1993-NMSC-071, ¶ 17. Defendant has not cited authority indicating, or otherwise persuaded us, that evidence that Defendant emitted the odor of alcohol even in the open air, [DS 11] had bloodshot and watery eyes, [DS 10] had difficulty with a number of field sobriety tests, [DS 12-13] did not always follow directions, [DS 14-15] admitted to consuming alcohol, [DS 15] used incorrect diction ("a cup of a sip") in describing her drinking, and had a breath-alcohol level measured at .07 more than one hour after being stopped at the checkpoint [DS 19-20] was insufficient for "any rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt[,]" *Cunningham*, 2000-NMSC-009, ¶ 26 (emphasis, internal quotation marks, and citation omitted).

4

Accordingly, for the reasons stated in our calendar notice and here, we hold that the evidence was sufficient to support Defendant's conviction.

{5}     We affirm.

{6}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**EMIL J. KIEHNE, Judge**

_____
**DANIEL J. GALLEGOS, Judge**