# GENERAL TELEPHONE CO. OF WI, INC.,
Plaintiff-Respondent,

v.

# A CORPORATION, Defendant-Appellant.

Court of Appeals

*No. 88–0884. Submitted on motion September 21, 1988.—
Decided November 3, 1988.*

(Also reported in 433 N.W.2d 264.)

For the defendant-appellant the cause was submitted on the brief of Greg Griswold, *pro se,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *David J. Schwartz* and *Louderman, Hayes, Van Camp, Priester, Strother & Schwartz, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

PER CURIAM. On May 6, 1988, A Corporation filed a notice of appeal from a decision in a small claims action. We ordered the parties to submit memos addressing whether the appeal was timely

since a default judgment was entered February 15, 1988 and a timely notice of entry of judgment was given by the small claims clerk of courts. An accurate and timely notice of entry of judgment given by the small claims clerk of courts reduces the time for appeal to forty-five days, sec. 808.04(1), Stats., *Mock v. Czemierys,* 113 Wis. 2d 207, 208, 336 N.W.2d 188, 188 (Ct. App. 1983), and this appeal was filed more than forty-five days after entry of judgment.

General Telephone contends that no appeal may be taken from the February 15, 1988 judgment since sec. 799.29(1), Stats., provides, "There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown." We agree that under sec. 799.29(1), we would have to dismiss an appeal from a default judgment.

Appellant petitioned to reopen the default judgment. The petition was denied on March 23, 1988.[1] Appellant urges us to calculate the appeal time commencing on this date. If we did so, the appeal would have been filed within forty-four days of entry of the order. Since no notice of entry of this order was provided, the appeal time was ninety days. Sec. 808.04(1) Stats. The notice of appeal would be timely.

Respondent contends, however, that because sec. 799.29(1), Stats., prohibits an appeal from a default judgment, it also prohibits an appeal from an order denying a petition to reopen a default judgment.

---

[1]There is no written order denying the petition in the record. However, the docket entries show that on March 23, 1988, "petition to review held court denied relief and reaffirmed commissioners ruling." Under sec. 808.03(1), Stats., a "final order" includes a disposition recorded in docket entries in a ch. 799, Stats., case.

Otherwise, it argues, we effectively would be hearing an appeal from a default judgment.

Statutory construction is a question of law. *State v. Denter,* 121 Wis. 2d 118, 122, 357 N.W.2d 555, 557 (1984). The purpose of statutory construction is to ascertain and give effect to the legislature's intent. *Id.* The primary source of construction is the statute's language. If the language's meaning is clear and unambiguous on its face, resort to extrinsic aids is improper. *Id.* at 123, 357 N.W.2d at 557. If a statute is ambiguous, "we examine the scope, history, context, subject matter and object of the statute to discern the legislative intent." *Marriage of Schinner v. Schinner,* 143 Wis. 2d 81, 89, 420 N.W.2d 381, 384 (Ct. App. 1988). A statute is ambiguous if it is capable of being understood differently by reasonably well-informed persons. *Denter,* 121 Wis. 2d at 123, 357 N.W.2d at 557.

Section 799.30, Stats., provides, "An appeal of a judgment or order under ... [ch. 799] shall be to the court of appeals." Section 799.29(1) limits sec. 799.30 in that an appeal may not be taken from a default judgment. An order denying a motion or petition to reopen a default judgment is not a default judgment. Nevertheless, we believe that secs. 799.30 and 799.29(1), read together, may be construed to prohibit an appeal from an order denying a motion or petition to reopen a default judgment. The statutes are ambiguous. We therefore turn to their legislative history.

Prior to 1963, sec. 299.30(1), Stats. (1961), authorized appeals from default judgments in small claims actions only with leave of the circuit court. Section 21, ch. 407, Laws of 1963, created sec. 299.29(1), which provided that no appeal may be taken from a default judgment but that a trial court could reopen a default

judgment upon notice and motion or petition. Section 299.30(1) was repealed and recreated to provide in relevant part that an appeal from an order denying a motion or petition under sec. 299.29 may be taken to the circuit court. Sec. 22, ch. 407, Laws of 1963.

Section 299.30, Stats. (1975), was repealed and recreated by sec. 103, ch. 187, Laws of 1977, to read as it does now.[2] The revision was part of the bill which reorganized the court system and created the court of appeals. The Legislative Reference Bureau analysis of the bill provides, "Under this bill, the court of appeals is given broad jurisdiction to hear and decide all appeals from courts of record, including direct review of certain county court cases presently appealed to the circuit court ( ... small claims ... ) ..." The Legislative Council Note–1977 to sec. 299.30 provides in part, "This section repeals a statute governing procedure on appeal of a small claims action to circuit court, and substitutes a statement that the court of appeals has jurisdiction of such appeals."

We read the legislative history to mean that the revision of sec. 299.30, Stats., in ch. 187, Laws of 1977, merely transferred jurisdiction of appeals in small claims actions to the court of appeals. The revision was not intended to limit the types of orders which could be appealed from that previously provided by sec. 299.30. It was no longer necessary to delineate the orders which could be appealed since the new sec. 299.30 and sec. 808.03(1), Stats., conferred broad jurisdiction on the court of appeals to review all final judgments or orders entered in small claims actions,

[2]It was renumbered sec. 799.30, Stats., by sec. 66, ch. 32, Laws of 1979.

except default judgments. We conclude that we have jurisdiction over an appeal from an order denying a motion or petition to reopen a small claims default judgment.

This holding does not run afoul of the rule limiting appeals from orders denying motions for reconsideration or to vacate a judgment as set forth in *Marsh v. Milwaukee,* 104 Wis. 2d 44, 310 N.W.2d 615 (1981) and *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 197 N.W.2d 752, (1972). A concern the *Marsh* and *Ver Hagen* rule addresses is the use of such motions as a ploy to extend the time to appeal from an order or judgment when that time has expired. *Silverton Enterprises v. General Cas.,* 143 Wis. 2d 661, 665, 422 N.W.2d 154, 155–56 (Ct. App. 1988). That concern is not present here because no appeal is allowed from the default judgment which is the subject of the petition to reopen.

*By the Court.*—The court has jurisdiction to review the March 23, 1988 order denying appellant's petition to reopen the February 15, 1988 default judgment.