STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael M. LONGCORE, Defendant-Appellant.†

Court of Appeals

*No. 00–1171–CR. Submitted on briefs November 21, 2000.—Decided December 5, 2000.*

## 2001 WI App 15

(Also reported in 623 N.W.2d 201.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William E. Schmaal,* assistant state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Steven J. Madson,* assistant district attorney, of Green Bay, and *James E. Doyle,* attorney general, and *Jennifer E. Nashold,* assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

¶ 1. HOOVER, P.J. This is Michael Longcore's second appeal of the judgment of conviction for eighth offense operating a motor vehicle after revocation, contrary to WIS. STAT. § 343.44(1). He contends that the arresting officer lacked probable cause to stop his vehi-

---

[1] This case was considered by a three-judge panel pursuant to the chief judge's order of September 14, 2000. *See* WIS. STAT. § 809.41. All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

cle and that the trial court therefore erred by denying his motion to suppress evidence. The trial court held that the officer had probable cause to believe Longcore was violating Wisconsin's safety glass law by operating a vehicle with a plastic sheet covering a window opening. We agree with the trial court's interpretation of the safety glass statute and therefore affirm.

## BACKGROUND

¶ 2.    Longcore filed a motion to suppress his identity and other evidence based upon his contention that the arresting officer did not have a reasonable suspicion that Longcore committed, was committing or was about to commit an offense. At the motion hearing preceding the first appeal, the trial court found that the arresting officer stopped Longcore's vehicle in part because the officer observed that a rear passenger window was missing and replaced with a plastic sheet. The officer believed this constituted a violation of the safety glass statute, WIS. STAT. § 347.43(1). The trial court held that the officer's belief was reasonable and justified the stop, even if the officer incorrectly interpreted the safety glass statute to prohibit one from replacing glass with plastic. It therefore did not determine whether operating a vehicle with a window replaced with plastic violated the statute.

¶ 3.    Longcore appealed and we reversed, holding that the stop was predicated on the officer's belief that he had probable cause, and not a reasonable suspicion, that Longcore was violating the safety glass statute. We further held that an officer who erroneously applies the law to the facts does not have probable cause to believe the law was violated. We therefore remanded the matter to the circuit court to determine whether the facts proved at the motion hearing constitute a

violation of WIS. STAT. § 347.43(1). *See State v. Longcore,* 226 Wis. 2d 1, 593 N.W.2d 412 (Ct. App. 1999).[2]

¶ 4.   After a second hearing, the trial court issued a written decision concluding that WIS. STAT. § 347.43(1) is ambiguous. The statute, it noted, could be read to require that only glass may be in those areas of a car where glass is normally found. It was further persuaded that Longcore's interpretation was also reasonable: If glass is currently present in a vehicle's window, it must be safety glass.[3] The trial court construed § 347.43(1) to prohibit replacing vehicle glass with plastic sheeting and therefore concluded that the officer had probable cause to believe Longcore was violating the safety glass law. Longcore again appeals.

---

[2] An equally divided supreme court summarily affirmed our decision. *See State v. Longcore,* 2000 WI 23, 233 Wis. 2d 278, 607 N.W.2d 620 *(per curiam).*

[3] Having acknowledged an ambiguity, and while later addressing Longcore's extrinsic construction aids, the trial court nevertheless held that WIS. STAT. § 347.43(1) "states that all vehicles must be equipped with safety glass 'wherever glass is used' on a car. There is no dispute that the window that was covered with plastic was an area where glass was and is used on a vehicle. Therefore, this statute applies and the defendant was in violation . . . ."

It thus appears to us that the trial court construed WIS. STAT. § 347.43(1) by looking to its plain language and concluding that it requires safety glass in areas where glass was originally installed in the vehicle.

## STANDARD OF REVIEW AND STATUTORY CONSTRUCTION

¶ 5. This case requires us to interpret WIS. STAT. § 374.43(1). Statutory interpretation presents a question of law we review de novo.[4] *State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311 (Ct. App. 1987). The goal of statutory interpretation is to determine and give effect to the legislature's intent. *Doe v. American Nat'l Red Cross*, 176 Wis. 2d 610, 616, 500 N.W.2d 264 (1993). The primary source of interpretation is the statutory language itself. *Hartlaub v. Coachman Indus.*, 143 Wis. 2d 791, 797, 422 N.W.2d 869 (Ct. App. 1988). If the language is unambiguous, resort to extrinsic aid for purposes of statutory interpretation would be improper. *General Tel. Co. v. A Corp.*, 147 Wis. 2d 461, 464, 433 N.W.2d 264 (Ct. App. 1988). If the language is clear and unambiguous on its face, we merely apply that language to the facts at hand. *In re Peter B.*, 184 Wis. 2d 57, 71, 516 N.W.2d 746 (Ct. App. 1994).

¶ 6. A statute is not rendered ambiguous merely because the parties disagree as to its meaning. *Lincoln Savings Bank, S.A. v. DOR*, 215 Wis. 2d 430, 441–42, 573 N.W.2d 522 (1998). A statute is ambiguous when it is capable of being understood in two or more different senses by reasonably well-informed persons. *See id.*

---

[4] For this reason, we do not consider Longcore's discussion of the trial court's analysis except to observe that it did not merit the near vituperative tenor Longcore employed in attacking it. Rather, what we observed in our earlier decision bears repeating in the context of the current issue: The trial court was confronted with a case of first impression and provided a thoughtful analysis. Were we able to perceive ambiguity in WIS. STAT. § 347.43(1), we would adopt the reasoning in the trial court's written decision.

## ANALYSIS

¶ 7.   This case turns on the meaning of WIS. STAT. § 347.43(1). If it prohibits replacing a vehicle's glass window with a plastic sheet, it is undisputed that there was probable cause to stop Longcore.

¶ 8.   WISCONSIN STAT. § 347.43, entitled "Safety glass" provides in part:

> (1)   No person may operate upon a highway any motor vehicle manufactured after January 1, 1936, unless such motor vehicle is equipped with safety glass wherever glass is used thereon in partitions, doors, windows or windshields.
>
>    . . . .
>
> (3)   In this section, "safety glass" means glass so treated or combined with other materials as to reduce, in comparison with ordinary sheet glass or plate glass, the likelihood of injury to persons by objects from external sources or by such glass when it is struck, cracked or broken.

¶ 9.   Longcore contends that WIS. STAT. § 347.43(1) is not ambiguous on its face for three reasons. First, he asserts that the statute's plain language refers specifically to "glass," mandating merely that wherever glass is used on a motor vehicle, it must be safety glass. He argues, however, that the statute does not regulate the general use of materials on window openings. "Nor does it imply anything about the use of other, non-glass materials as a matter of logic." Second, because the statute refers to the present tense, *i.e.*, "wherever glass *is used*," the legislature intended to regulate the vehicle's current window material rather than a previously installed material. Third, the statutory context demonstrates the legislature's intent to "to reduce, *in comparison with ordinary sheet glass or*

*plate glass*, the likelihood of injury to persons by objects from external sources or by such glass *when it is struck, cracked or broken."* (Longcore's emphasis.) From these observations, Longcore concludes that WIS. STAT. § 347.43(1) plainly forbids using plate or sheet glass in motor vehicles and "nothing more."[5]

¶ 10. Both the Brown County district attorney and the attorney general filed response briefs. The district attorney concurs with the trial court's decision, while apparently maintaining that the statute unambiguously prohibits using plastic to cover a passenger window. The attorney general first asserts that the State "does not disagree with the trial court's conclusion that the safety glass statute is ambiguous." It next states, however, that if Longcore is correct and the

---

[5] Longcore offers an alternative analysis to demonstrate that WIS. STAT. § 347.43(1) does not prohibit plastic window replacements even if the statute is ambiguous. Because we conclude that the statute is not ambiguous, we may not resort to considering the extrinsic aids Longcore relies upon in advancing this argument. If the language is unambiguous, resort to extrinsic aid for purposes of statutory interpretation is improper. *General Tel. Co. v. A Corp.*, 147 Wis. 2d 461, 464, 433 N.W.2d 264 (Ct. App. 1988).

We nevertheless note that one of Longcore's arguments relies in part on WIS. STAT. § 85.063 (1935) (he asserts that § 85.063 was enacted before sheet plastic was commonly used and therefore the legislature did not intend to prohibit its use). We agree with Longcore that § 85.063 "utilized essentially the same relevant statutory language as the present-day version." We further note that the attorney general opined that § 85.063 prohibits operating a vehicle on public highways or streets unless it is equipped with safety glass. *See* 26 Wis. Op. Att'y Gen. 137, 138 (1937). Such opinions are persuasive authority as to the meaning and purposes of statutes. *See State v. Wachsmuth*, 73 Wis. 2d 318, 323, 243 N.W.2d 410 (1976).

statute is not ambiguous, "its lack of ambiguity operates in the state's favor" to expressly prohibit using plastic to cover an area where glass is used. This implies that the attorney general, its deference to the trial court's conclusion notwithstanding, in fact considers the statute unambiguous. We agree.

¶ 11. We do not perceive any ambiguity in WIS. STAT. § 374.43(1). It mandates that wherever glass is used on the particular vehicle being operated, it must be safety glass. It is undisputed that glass is used in the windows of Longcore's vehicle. He therefore was required to replace a broken window with safety glass.

¶ 12. Longcore points to the statute's failure to account for plastic windows in vehicles with convertible tops in support of his proposition that WIS. STAT. § 347.43(1) only requires safety glass if there is presently glass in the window. As the trial court observed, however, glass is not used in those cars with plastic rear windows, and the statute therefore does not apply to them. We agree.

■

¶ 13. In its written decision, the trial court noted that its construction was consistent with the legislative intent expressed in the definition of "safety glass," WIS. STAT. § 347.43(3), to protect vehicle occupants. The attorney general echoes this observation on appeal. Longcore responds that "the likelihood of injury to persons by objects from external sources," *see id.*, is not reduced when a vehicle is operated with its windows rolled down. However, identifying a contingency that the statute does not address begs the question. Longcore certainly cannot seriously contend that safety was *not* the driving concern behind the *safety* glass statute. The issue is whether the statute is

ambiguous, not whether it is the perfect expression of the legislature's underlying intent.

¶ 14.   The attorney general put it succinctly sixty-three years ago when he said that the safety glass statute "makes it unlawful for any person to operate an automobile . . . unless it is equipped with safety glass." *See* 26 Wis. Op. Att'y Gen., *supra*, at 138. Longcore violated the statute. Therefore, the officer had probable cause to stop the vehicle at which time he determined that Longcore was operating after revocation. Longcore's conviction for operating after revocation is affirmed.

*By the Court.*—Judgment affirmed.