Grafton
No. 2011-156

THE STATE OF NEW HAMPSHIRE

v.

DERRICK C. DIMAGGIO

Argued: March 8, 2012
Opinion Issued: April 10, 2012

*Michael A. Delaney*, attorney general (*Jason D. Reimers*, assistant attorney general, on the brief and orally), for the State.

*Lisa L. Wolford*, assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, C.J. The defendant, Derrick C. DiMaggio, appeals the denial by the Superior Court (*Vaughan*, J.) of his motion for pretrial confinement credit for the approximately 471 days he participated in the Grafton County Drug Court Sentencing Program (Drug Court Program or Program). *See State v. Belyea*, 160 N.H. 298, 301-02 (2010) (generally describing the Drug Court Program). There is no dispute that he is entitled to credit for sixty-three days that he was incarcerated for failing to comply with the Program's rules. Rather, the parties dispute whether he is entitled to credit for days he was at liberty while a Program participant. We affirm.

The following facts are either undisputed or are derived from the record. In 2006, the defendant pleaded guilty to felony possession of heroin for which, in November 2006, he was sentenced to six months in jail and three years of probation. *See* RSA 318-B:2, I, :26, II (2011). His sentence stated that if he violated probation, his probation could be revoked and "any sentence within the legal limits for the underlying offense" could be imposed.

In July 2009, the defendant was alleged to have violated the terms of his probation by, among other things, using illegal drugs. On September 23, 2009, he pleaded true to the probation violations as part of a plea agreement under which he was sentenced to two and one-half to five years in state prison, all suspended for five years, with the following conditions:

> [This] sentence is conditioned on good behavior, which shall include compliance with all terms and conditions of the Drug Court . . . Program. The balance of [the defendant's] probation

shall be held in abeyance and shall resume upon termination. The defendant shall pay the balance of his supervision fees.

Any violation of the terms and conditions of the [Program] shall result in the imposition of sanctions . . . by the court as deemed fair and appropriate, consistent with statutory authority and the descriptions [of the Program] as outlined in the [Program] policy manual. . . .

The defendant is placed in the custody of the Grafton County correctional facility so long as the defendant remains in the . . . Drug Court . . . Program or unless otherwise ordered by the court. The Grafton County Department of Corrections shall supervise the defendant while in the agency's custody according to the terms and conditions of the . . . Drug Court . . . Program and subject to any additional court orders.

In December 2010, the State moved to impose the defendant's suspended sentence because he had repeatedly violated the Drug Court Program's rules, and the Program had recommended that his participation be terminated. Following a hearing, the trial court found that the State had proved by a preponderance of the evidence that the defendant had violated the terms of his sentence by failing to comply with the Program's rules. *See State v. LaPlaca*, 162 N.H. 174, 179 (2011). The court, therefore, terminated his participation in the Program and remanded him to state prison to serve the balance of his sentence with credit for time served.

The defendant then filed a motion, which is the subject of this appeal, seeking "day-for-day credit toward his sentence" for the days he participated in the Drug Court Program while at liberty. The trial court denied that motion, and this appeal followed.

On appeal, the defendant contends that, pursuant to RSA 651:19 (Supp. 2011) and RSA 651:19-a (Supp. 2011), he was entitled to pretrial confinement credit for days he participated in the Program while at liberty. Resolving this issue requires that we engage in statutory interpretation, which is a question of law that we review *de novo. State v. Gardner*, 162 N.H. 652, 652-53 (2011). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Burke*, 162 N.H. 459, 461 (2011) (quotation omitted). "We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice." *Id.* (quotation omitted); *see* RSA 625:3 (2007). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Burke*, 162 N.H. at 461. "We interpret legislative intent

from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." *Id.* (quotation omitted). Moreover, we interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.*

RSA 651:19 provides, in pertinent part:

> A sentencing court may order any person who has been committed to a correctional institution other than state prison under a criminal sentence [to] be released therefrom for the purpose of obtaining and working at gainful employment . . . under the terms of a day reporting program, provided the correctional facility has a day reporting program, or to serve the sentence under a home confinement program, provided the correctional facility has a home confinement program. . . . Any part of the day spent in the free community, or in home confinement, under such a release order shall be counted as a full day toward the serving of the sentence unless otherwise provided by the court.

"Day Reporting Program[s]" in county correctional facilities are specifically governed by RSA 651:19-a. That statute allows "[t]he superintendent of a county correctional facility [to] establish a day reporting program in lieu of incarceration for certain offenders." RSA 651:19-a, I. In a "day reporting program," offenders are released into the community "for such terms or intervals of time and under such terms and conditions as may be permitted by the facility's rules and regulations or as the court may order." RSA 651:19-a, I. For the "terms or intervals of time" in which they are not at liberty, offenders are incarcerated. *See id.* Under RSA 651:19-a, I, as under RSA 651:19, "[a]ny part of a day spent in the free community under such a release order shall be counted as a full day toward the serving of the sentence unless otherwise provided by the sentencing court." RSA 651:19-a, II allows "[t]he sentencing court" to "order any person who has been committed to a correctional institution other than state prison" to be released to such a day reporting program.

■ The defendant contends that RSA 651:19 and RSA 651:19-a apply because the sentencing order "placed [him] in the custody of the Grafton County correctional facility." RSA 651:19 and RSA 651:19-a both pertain, however, only to individuals who have been "committed to a correctional institution other than state prison" and who have been sentenced to participate in a day reporting program; RSA 651:19 also applies to individuals who have been sentenced to home confinement. Accordingly, we must review the terms of the defendant's sentencing order to determine whether he was "committed" to a facility other than state prison and

sentenced either to a day reporting program or to home confinement. *See State v. Parker*, 155 N.H. 89, 91 (2007) ("The language of the sentencing order determines the nature of the defendant's sentence.").

█ The interpretation of a sentencing order is a question of law, which we review *de novo. See id.* at 91-92. In construing the court's sentencing order, we look to the plain meaning of the words used. *Cf. Edwards v. RAL Auto. Group*, 156 N.H. 700, 705 (2008) (construing civil judgment).

The order sentenced the defendant "to the New Hampshire State Prison" for no more than five and no less than two and one-half years. This sentence was subject to conditions that were set forth in a separate attachment. The separate attachment indicated that the defendant's prison sentence was suspended for five years and that this suspension was "conditioned on good behavior," which included the defendant's "compliance with all terms and conditions of the Drug Court . . . Program." The order stated that the "balance of [the defendant's] probation" was held in abeyance and would resume "upon termination" from the Drug Court Program. The order "placed" the defendant "in the custody of the Grafton County correctional facility" for as long as he participated in the Drug Court Program and ordered the Grafton County Department of Corrections to supervise the defendant while in the Program.

█ Reading the sentencing order as a whole, we conclude that it committed the defendant to the state prison. The reference to placing the defendant "in the custody of the Grafton County correctional facility" was not a reference to his incarceration in the county jail, but was a reference to his participation in the Drug Court Program administered by the jail.

We also conclude that the Drug Court Program, as set forth in the sentencing order, was neither a "day reporting" program nor "home confinement." RSA 651:19, :19-a; *see Belyea*, 160 N.H. at 301-02. Nothing in the sentencing order required the defendant to serve any part of his sentence in the county jail or to be confined at his home. Accordingly, because he was committed to the state prison and was not sentenced to either a day reporting or home confinement program, we conclude that RSA 651:19 and RSA 651:19-a do not apply to the defendant's sentence.

█ To the extent that the defendant argues that his sentence is unlawful because it was not issued pursuant to RSA 651:19 and RSA 651:19-a, he is mistaken. The defendant's sentence is authorized by RSA 651:2, I, II (2007), which empowers the trial court to impose a sentence of imprisonment, and RSA 651:20 (Supp. 2011), which allows it to suspend such a sentence and to place conditions on the suspension. *See State v. Perfetto*, 160 N.H. 675, 681 (2010) (sentencing court has broad discretion to impose

conditions of sentence suspension provided conditions are reasonably related to defendant's rehabilitation and supervision). Because the defendant does not argue otherwise, we assume, without deciding, that conditioning the suspension of the defendant's sentence upon successful completion of the Drug Court Program was reasonably related to his rehabilitation and supervision, and, thus, that this was a lawful condition. *See id.*

For all of the above reasons, therefore, we hold that the defendant was not entitled to pretrial confinement credit for days he was at liberty while a Program participant.

*Affirmed.*

HICKS, CONBOY and LYNN, JJ., concurred.