Strafford
No. 2012-353

THE STATE OF NEW HAMPSHIRE

v.

ALLEN R. MERCIER

Submitted: April 11, 2013
Opinion Issued: May 14, 2013

*Michael A. Delaney*, attorney general (*Lisa L. Wolford*, attorney, on the memorandum of law), for the State.

*James P. Loring*, of Portsmouth, on the brief, for the defendant.

HICKS, J. The defendant, Allen R. Mercier, appeals a decision of the Superior Court (*Wageling*, J.) denying his motion to suppress evidence that led to his convictions in a jury-waived trial for disobeying a police officer, RSA 265:4 (2004), and driving while certified as a habitual offender, RSA 262:23 (Supp. 2012). Based upon the evidence, the court also found that the defendant violated probation. We reverse and remand.

The following facts are drawn from the trial court's order denying the defendant's motion to suppress. On February 7, 2011, State Trooper Brian Ross approached a toll plaza in his police vehicle and observed a pickup truck, driven by the defendant, with a partially shattered rear window. Photographs submitted during the hearing on the motion to suppress showed that the rear window was divided into three panels. The right side panel was fragmented into small pieces and had been covered with duct tape in the shape of an "X". Based upon his observations of the window, Ross pulled the vehicle over, leading to the defendant's arrest for the offenses cited above.

The defendant argues that his seizure violated his constitutional rights under Part I, Article 19 of the State Constitution and the Fourth Amendment of its federal counterpart. We first address the defendant's arguments under the State Constitution, *State v. Ball*, 124 N.H. 226, 231-32 (1983), and rely upon federal law only to aid in our analysis, *id.* at 233.

■ It is well settled that, in order for a police officer to undertake an investigatory stop, the officer must have a reasonable suspicion — based upon specific, articulable facts taken together with rational inferences from those facts — that the particular person stopped has been, is, or is about to be, engaged in criminal activity. *State v. Bell*, 164 N.H. 452, 453-454 (2012). Reasonable suspicion may be less than the probable cause necessary to support an arrest or citation. *Id.* at 454. In reviewing the trial court's ruling that the police conduct was justified, we defer to its findings of fact unless those findings are clearly erroneous. We review *de novo*, however, the ultimate determination of whether, in view of those findings, reasonable suspicion existed. *Id.* at 454.

The State argues that the police had reasonable suspicion of a violation of RSA 266:58 (2004), which provides, in pertinent part:

It shall be unlawful to . . . drive on any way in this state any motor vehicle which shall have been manufactured or assembled

on or after January 1, 1936, unless it be equipped with safety glass wherever glass is used in partitions, doors, windows, or windshields.

"Safety glass" is defined in RSA 259:94 (2004) as:

glass so treated or combined with other materials as to reduce, in comparison with ordinary sheet glass or plate glass, the likelihood of injury to persons by objects from external sources or by glass when the glass is cracked or broken.

Resolving this issue requires that we engage in statutory interpretation, which is a question of law that we review *de novo*. *State v. DiMaggio*, 163 N.H. 497, 499 (2012). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Id.* We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* at 499-500. Moreover, we interpret a statute in the context of the overall statutory scheme and not in isolation. *Id.* at 500.

The State does not argue that the police had reasonable suspicion of a violation of RSA 265:95, III (Supp. 2012), which prohibits "nontransparent material" affixed to "rear windows . . . which shall obstruct the driver's clear view" of a roadway unless certain conditions are met, *see* RSA 265:95, III(b). We, therefore, express no opinion as to whether the defendant operated his truck in violation of that statute. Thus, if RSA 266:58 does not prohibit the operation of a vehicle with glass partially shattered and covered with duct tape, then there would have been no reasonable suspicion to stop the defendant's vehicle. The State argues, and the trial court agreed, that the defendant's truck was not "equipped with safety glass" because the rear window was so "severely fragmented into small pieces . . . that visibility through that window was impossible." The trial court concluded that RSA 266:58 "was intended to ensure the safety of passengers and bystanders," and that the defendant's truck "was not equipped in a way that complies with the meaning and intent of RSA 266:58." Similarly, the State contends that "[t]he common understanding of the word ['equip'] assumes not merely a presence, but a *usefulness*," meaning that a vehicle is not equipped with safety glass unless the glass can serve its function of reducing the likelihood of injury from broken or shattered glass or external objects.

██ ██ We agree with the defendant, however, that his vehicle was equipped with safety glass as defined by RSA 259:94. To be "equipped" in this context means simply that the vehicle must have been "suppl[ied]" with safety glass. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 768 (unabridged ed. 2002). RSA 259:94, read together with RSA 266:58, does not by its plain terms prohibit the operation of vehicles equipped with a rear windshield "damaged so badly it is impossible to see through the window," as the trial court concluded. Rather, those two provisions require only the presence of safety glass "wherever glass is used" in automobiles, RSA 266:58, a requirement enacted in 1935 to, in the words of section 94 itself, "reduce . . . the likelihood of injury . . . by objects from external sources or by glass when the glass is cracked or broken." RSA 259:94; *see* Laws 1935, 72:1. The statute's specific references to "glass so treated or combined with other materials" and "ordinary sheet glass or plate glass" suggest that the legislature was concerned with the *composition* of the glass used in vehicles rather than its *condition* once installed. The fact that a panel of safety glass is cracked or otherwise damaged does not mean that it is no longer safety glass, and there is no reason evident in the record to believe that the glass panel at issue was not "so treated or combined with other materials as to reduce . . . the likelihood of injur[ies]" from broken glass or external objects. RSA 259:94. Indeed, unlike other provisions within RSA chapter 266, the statute governing equipment of vehicles, neither RSA 266:58 nor RSA 259:94 contains any language requiring safety glass to be maintained in a particular condition. *See, e.g.,* RSA 266:27 (2004) (brakes must be "in good working order and sufficient to control [the] vehicle at all times"); RSA 266:38 (2004) (stop lamps must be "in working order at all times"); RSA 266:56 (2004) (windshield wipers and defrosters must be "at all times . . . maintained in good working condition."). The State's interpretation would essentially require us to add words to the statute that the legislature did not see fit to include, which we will not do. *State v. Pessetto*, 160 N.H. 813, 816 (2010).

The State relies upon a decision of the Wisconsin Court of Appeals, *State v. Longcore*, 623 N.W.2d 201 (Wis. Ct. App. 2000), to support its contention that the defendant violated the safety glass statute. *Longcore*, 623 N.W.2d at 202. *Longcore* involved a statute similar to that at issue here, and the court held that a driver's operation of a vehicle with a plastic sheet covering a window opening violated a requirement of safety glass "wherever glass is used." *Id.* at 204. We decline to follow *Longcore* to the extent that it may be read to support the proposition that the presence of damaged or partially shattered safety glass is a violation of the requirement that safety glass be in place "wherever glass is used."

In light of the foregoing, we conclude that the police lacked reasonable suspicion to believe the defendant was operating his vehicle in violation of RSA 266:58. Accordingly, we reverse the denial of his motion to suppress. Because we conclude that the defendant prevails under the State Constitution, we need not undertake a separate federal analysis. *State v. Sharkey*, 155 N.H. 638, 640 (2007).

*Reversed and remanded.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.