NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2013-424


THE STATE OF NEW HAMPSHIRE

v.

THOMAS A. BULCROFT

Submitted: February 12, 2014
Opinion Issued: August 22, 2014


Joseph A. Foster, attorney general (Nicholas Cort, assistant attorney general, on the brief), for the State.


Thomas A. Bulcroft, self-represented party, by brief.


BASSETT, J. The defendant, Thomas A. Bulcroft, appeals an order of the Superior Court (Smukler, J.) denying his petition to annul arrest and court records pertaining to a criminal case in which he was found not guilty by reason of insanity. We affirm.

The following facts are drawn from the order of the trial court. In 1974, the defendant was charged with kidnapping and rape. See RSA 633:1 (1996); RSA 632:1 (1974) (repealed 1975). The trial court accepted his plea of not guilty by reason of insanity and committed him to New Hampshire Hospital for

life, unless or until earlier discharged by court order.  The defendant was discharged from the hospital in 1979.

On December 10, 2012, the defendant filed a petition seeking to have his arrest and indictment record annulled because he was found not guilty by reason of insanity.  Although the defendant has not provided a copy of his petition with his appeal brief, he has appended to his brief several pleadings filed in the trial court and asks that we review them as we consider the issue before us.  The memorandum of law filed in support of his petition states that he sought "to annul the record of his arrest under RSA 651:5, II because he was found not guilty by reason of insanity."  See RSA 651:5, II (Supp. 2013).

The trial court denied the petition, concluding that a verdict of "not guilty by reason of insanity" is not the same as a finding of "not guilty" for purposes of RSA 651:5, II, and, therefore, the defendant is not entitled to have his record annulled.  See RSA 651:5, X(a) (Supp. 2011).

On appeal, the defendant argues that a finding of not guilty by reason of insanity "is equivalent to an acquittal," and, therefore, RSA 651:5, II permits him to petition for annulment of his arrest and court records.  This presents an issue of first impression.

The interpretation of a statute is a question of law, which we review de novo.  State v. Mercier, 165 N.H. 83, 85 (2013).  In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole.  Id.  We first examine the language of the statute, and, where possible, we apply the plain and ordinary meanings to the words used.  Id.  When the language of a statute is plain and unambiguous, we need not look beyond it for further indication of legislative intent and we do not consider what the legislature might have said or add language that the legislature did not include in the statute.  State v. Guay, 164 N.H. 696, 699 (2013).  The words of a statute should not be read in isolation; rather, all parts of a statutory act must be construed together.  Doggett v. Town of North Hampton, 138 N.H. 744, 746 (1994).  We construe statutes so as to effectuate their evident purpose and to avoid an interpretation that would lead to an absurd or unjust result.  Id.  We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice.  RSA 625:3 (2007).

RSA 651:5, II provides:

Any person whose arrest has resulted in a finding of not guilty, or whose case was dismissed or not prosecuted, may petition for annulment of the arrest record or court record, or both, at any time in accordance with the provisions of this section.

2

RSA 651:5, II applies to: (1) an individual whose arrest has resulted in a finding of not guilty; or (2) an individual whose case was dismissed or not prosecuted. See State v. Skinner, 149 N.H. 102, 103 (2003). Because the defendant does not argue that his case was dismissed or not prosecuted, we confine our analysis to whether his plea of not guilty by reason of insanity "resulted in a finding of not guilty" for the purposes of RSA 651:5, II. For the following reasons, we conclude that it did not.

We have previously held that the plea of not guilty by reason of insanity is one of confession and avoidance and admits that the defendant committed the acts alleged. Novosel v. Helgemoe, 118 N.H. 115, 122 (1978) (superseded in part on other grounds by statute as recognized in State v. Blair, 143 N.H. 669, 673 (1999)). As the Virginia Supreme Court recently observed, "A person who has been found 'not guilty by reason of insanity' of a criminal charge has not been acquitted in the sense that he has been determined to be innocent of the commission of the criminal act charged." Eastlack v. Com., 710 S.E.2d 723, 725 (Va. 2011); cf. State v. Marchand, 164 N.H. 26, 33 (2012) (stating that evidence rebutting an insanity defense does not concern an element of the crime and, thus, does not directly concern guilt).

As the trial court noted, unlike an individual whose arrest results in an acquittal, a defendant who has been found not guilty by reason of insanity continues to have restraints placed upon his or her liberty. See RSA 651:8-b (Supp. 2013); Eastlack, 710 S.E.2d at 725 (observing that individual found not guilty by reason of insanity is not free to resume life in community as he or she would if acquitted in the usual sense). RSA 651:8-b, I, provides: "If a person is found not guilty by reason of insanity at the time of the offense charged, he shall be committed to the secure psychiatric unit until such time as he is eligible for release pursuant to paragraph IV." A hearing on commitment must be conducted "not later than 40 days following a verdict of not guilty by reason of insanity." RSA 651:8-b, II. Prior to the hearing, the defendant must submit to a psychiatric or psychological evaluation, and the result of that evaluation must be furnished to the court. RSA 651:8-b, III. If, at the conclusion of the hearing, the court finds by clear and convincing evidence that the defendant has a mental illness and poses a substantial risk of bodily injury to himself or another by virtue of his condition, the court shall order the defendant's involuntary commitment. RSA 651:8-b, IV ("The existence of clear and convincing evidence that a person's release would create a substantial risk of bodily injury to himself or herself or another person or serious damage to the property of another shall be presumed, subject to rebuttal by the acquitted person, where the person has been found not guilty by reason of insanity of an offense involving bodily injury or serious damage to property of another, or substantial risk of such injury or damage.").

To construe a "finding of not guilty" as used in RSA 651:5, II, to include a defendant whose arrest has resulted in a finding of not guilty by reason of

3

insanity would allow such a defendant to file a petition to annul his or her arrest and/or court records "at any time," RSA 651:5, II, including during the statutorily mandated commitment period.  If we were to adopt the interpretation advanced by the defendant and the petition were granted, the annulment would render ineffectual the procedural and substantive requirements of RSA 651:8-b.  We decline the defendant's invitation to apply this construction to nullify a process established to protect society from those individuals whose release would create a substantial risk of injury to others.  See, e.g., State v. Patterson, 145 N.H. 462, 465 (2000) ("Where reasonably possible, statutes should be construed so that they lead to reasonable results and do not contradict each other." (quotation omitted)).

The petitioner urges us to adopt the analysis applied by the Supreme Court of Illinois in People v. Harrison, 877 N.E.2d 432 (Ill. 2007).  In Harrison, the court observed that the effect of a finding of "not guilty by reason of insanity" was to absolve the defendant of guilt for the charged crime.  Id. at 438.  "This absolution," the court reasoned, "is exactly the same as that conferred by any other not-guilty judgment, whether based on the State's failure of proof or establishment of an affirmative defense."  Id.  The court concluded that "[a] defendant found [not guilty by reason of insanity] is completely absolved of the crime and will not face punishment."  Id. at 437.

We are not persuaded by this reasoning.  Although a defendant found not guilty by reason of insanity may not face traditional criminal punishment, his liberty is subject to constraint, unlike a defendant who has been acquitted.

For this same reason, we reject the defendant's argument that, because a plea of not guilty by reason of insanity is an affirmative defense, an acquittal based on insanity is "similar to an acquittal based on any other affirmative defense."  As the Pennsylvania Supreme Court has observed:

> It is common knowledge that a verdict of not guilty means that [the defendant] goes free and that a verdict of guilty means that he is subject to such punishment as the court may impose.  But a verdict of not guilty by reason of insanity has no such commonly understood meaning . . . .  It means neither freedom nor punishment.  It means the accused will be confined in a hospital for the mentally ill until the superintendent of such hospital certifies, and the court is satisfied, that such person has recovered his sanity and will not in the reasonable future be dangerous to himself or others.

Com. v. Gass, 523 A.2d 741, 744 (Pa. 1987) (quotation omitted) (holding defendant did not receive effective assistance of counsel due to counsel's failure to request instruction on verdict of not guilty by reason of insanity); see State v. Jennings, 130 S.W.3d 43 (Tenn. 2004) (holding for purposes of expungement

4

statute that verdict of not guilty by reason of insanity (NGI) differs from verdict of not guilty because NGI verdict does not indicate that defendant did not engage in charged criminal activity and does not necessarily end the legal proceedings in the case); see also State v. Salmon, 306 S.E.2d 620, 621 (S.C. 1983) (construing South Carolina expungement statute and determining that a person found not guilty by reason of insanity cannot be said to have had charge dismissed or to have been found innocent of the charge); State v. Ambaye, 616 N.W. 2d 256, 259 (Minn. 2000) (concluding that jury verdict of not guilty by reason of insanity is not a resolution "in favor of" defendant for purposes of Minnesota expungement statute).

We observe that, when addressing other criminal justice issues, the legislature has distinguished between the disposition of cases by acquittal and by a finding of not guilty by reason of insanity. See, e.g., RSA 106-K:1, V (2013) (classifying case dispositions for purposes of criminal justice information system); RSA 135-E:2, III (Supp. 2013) (including within definition of "Convicted of a sexually violent offense" a person who has been "adjudicated not guilty by reason of insanity of a sexually violent offense"); cf. State v. Bouwman, 328 N.W.2d 703, 705 (Minn. 1982) ("There is a distinction, which society understands and accepts, between a verdict of 'not guilty' and a verdict of 'not guilty by reason of insanity.'"). Notably, the legislature did not include in RSA 651:5, II a specific reference to persons found not guilty by reason of insanity. Accordingly, we decline to expand the scope of the statute, and we will not add language that the legislature did not include. See Guay, 164 N.H. at 699.

To the extent that the defendant seeks review of other issues, we conclude that, given the limited record before us and our conclusion that the defendant is not entitled to annulment under RSA 651:5, II, his remaining arguments do not require further discussion. Accordingly, we affirm the decision of the trial court.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and LYNN, JJ., concurred.