## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0562, <u>State of New Hampshire v. Gerald Sullivan</u>, the court on November 12, 2015 issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Gerald Sullivan, appeals an order of the Superior Court (<u>Abramson</u>, J.) granting the State's motion to impose a previously suspended sentence. We affirm.

The relevant facts follow. In June 2013, the defendant pleaded guilty to a single count of felonious sexual assault, <u>see</u> RSA 632-A:3, III (2007), for which he received a prison sentence of no more than seven years and no less than three and one-half years, suspended for ten years. The defendant was also sentenced to five years of probation. The mandatory conditions of his sentence included the following requirements: that he undergo a "[s]ex offender evaluation" within six months of his plea; that he "follow all recommendations"; and that he "successfully complete all programming." The defendant was also ordered "to participate meaningfully and complete any counseling, treatment and educational programs as directed by the correctional authority or Probation/Parole Officer." The sentencing order informed the defendant that if he violated "probation or any of the terms of [the] sentence," his probation could be revoked and "any sentence within the legal limits for the underlying offense" could be imposed. At the sentencing hearing, the court told the defendant that his "[f]ailure to comply with [the] conditions" of his sentence "may result in the imposition of any suspended sentence."

The court conducted its first review hearing on March 5, 2014, at which it was informed that, despite having pleaded guilty, the defendant was "now . . . adamantly den[ying] that he committed" the felonious sexual assault. The evaluator had given the defendant the choice of submitting to a polygraph examination or commencing treatment, and he had chosen to begin treatment. The court ordered monthly reviews because of its concern that the defendant was at risk of not complying with the mandatory conditions of his sentence.

At the next review hearing, conducted on April 8, 2014, the court was informed that the defendant had started psychosexual counseling with Derek Edge and that a polygraph was to be part of the defendant's treatment. Accordingly, after that review hearing, the court issued an order that stated that the defendant appeared to be in compliance with the sentencing order.

The court required the defendant to "submit . . . a detailed report from his counselor, setting forth his treatment plan and confirmation that [the] defendant has been attending all his sessions, as recommended."

At the third review hearing, conducted on May 6, 2014, the court was informed that the defendant had missed a counseling session with Edge and that he continued "to deny the offense." The court stated that "this is troublesome" and that it "really want[ed] that polygraph."

Following the hearing, the court issued an order stating that it shared "the State's concern that [the] defendant is verging on non-compliance" with the sentencing order in that he "continues to deny the offense in treatment and missed a counseling session because 'he fell asleep.'" Therefore, the court ordered the defendant to "comply with all treatment recommendations by . . . Edge, or risk imposition of his State prison sentence under a Motion to Impose."

On June 3, 2014, the day of the next scheduled review hearing, the State filed a motion to impose the defendant's suspended session, alleging, among other assertions, that "all the updated reports from treatment indicate [that the defendant] denies he committed the offense." The State argued that "this conduct" is "non-compliance" and indicates that the defendant "cannot successfully complete his programming." Instead of conducting the review hearing, the court scheduled a hearing on the State's motion to impose.

At the June 19, 2014 hearing on the State's motion to impose, the State called Edge to testify. Edge testified that, in April 2014, he had recommended that the defendant take a polygraph examination, in part, because the defendant denied having committed the offense to which he had pleaded guilty, but also "to facilitate open and honest dialogue in treatment." Edge confirmed that the defendant's counseling contract required the defendant "to set aside money to pay" for the polygraph examination and to inform Edge of "the money [he had] saved toward this obligation." Edge testified that he had not set a deadline by which the defendant had to take the polygraph examination, and that he was willing to continue to treat the defendant, pending that examination. Edge testified that, according to the defendant, he had not taken the polygraph examination previously because his attorney had advised him not to do so and because he had been unable to afford to do so. Edge testified that, from his perspective, the two were "still moving forward with" treatment.

The defendant did not testify at the hearing, but presented the testimony of an investigator for the Manchester public defender's office. The investigator testified that he spoke to the defendant's probation/parole officer the day before about the defendant's financial situation. The probation/parole officer told the investigator that the defendant had told him that his "money situation

was tight." The officer told the investigator that, in November 2013, the defendant's wife had left him and that his landlord had begun eviction proceedings against him.

At the hearing's conclusion, the trial court revoked the defendant's parole and imposed the suspended sentence, determining that doing so was warranted because the defendant had failed to comply with Edge's recommendation to take the polygraph examination and, thus, was "non-compliant with [a] mandatory provision" of the sentence. The defendant unsuccessfully moved for reconsideration, and this appeal followed.

We review a trial court's decision to impose a suspended sentence for an unsustainable exercise of discretion. State v. Perry, 166 N.H. 23, 26 (2014). To meet this standard, the defendant must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. Id.

The defendant first contends that "[t]he court erred in finding that [his] sentence required him to follow all of the recommendations of his sex offender counselor." The defendant asserts that the sentencing order was ambiguous regarding whether the phrase "follow all recommendations" included Edge's recommendations or pertained only to those of the sex offender evaluator. He argues that we must construe this ambiguity in his favor and conclude that the sentencing order did not require him to follow Edge's recommendations. Cf. State v. Parker, 155 N.H. 89, 92 (2007) (construing a 1990 sentencing order in the defendant's favor because it was ambiguous as to whether it "left open the sentencing phase against the defendant such that he was entitled to the assistance of counsel during the subsequent hearing in 2005").

We disagree with the defendant that the terms of his sentence were ambiguous. The interpretation of a sentencing order is a question of law, which we review de novo. State v. DiMaggio, 163 N.H. 497, 501 (2012). In construing the court's sentencing order, we look to the plain meaning of the words used. Id.

Reading the sentencing order as a whole, we conclude that it required the defendant to "follow all recommendations" of his counselor, Edge, in addition to those of the evaluator. See id. The defendant's interpretation of the order is unreasonable and does not render the trial court's sentencing order ambiguous. Cf. Duke/Fluor Daniel v. Hawkeye Funding, 150 N.H. 581, 584 (2004) (explaining that contractual language "is ambiguous if the parties can reasonably differ as to its meaning," and concluding that, because the plaintiff's interpretation was unreasonable, provision was not ambiguous (quotation omitted)). The defendant could not have reasonably understood the sentencing order to require him to follow only the recommendations of the person who conducted the initial sex offender evaluation, and to allow him to disregard those of his sex offender counselor. See State v. Kay, 162 N.H. 237,

3

242 (2011) (concluding that sentencing order, which "plainly imposed an obligation on the defendant to pay child support and informed him that compliance was to occur through . . . his probation officer," impliedly required him to remain in contact with his probation officer, and "the defendant could not reasonably have understood otherwise").

Next, the defendant asserts that there was insufficient evidence that he failed to comply with Edge's recommendation to submit to a polygraph examination. He argues that because he had not been given a deadline by which to take the polygraph, he still had "an opportunity to comply with the terms of his conditional liberty," and, under those circumstances, it was "error to revoke that liberty."

In general, to prevail on a challenge to the sufficiency of the evidence, "the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in a light most favorable to the State, could have found guilt by the standard of proof applicable to the proceeding in question." State v. Smith, 163 N.H. 13, 18 (2011). "When imposing a previously suspended sentence, the trial court must independently evaluate the evidence before it to determine whether the State proved, by a preponderance of the evidence, that a violation of the suspension conditions had occurred." Id. (quotation and brackets omitted). "Our standard of review on this claim of legal error is de novo." Id.

Viewing the evidence and all reasonable inferences from it in the light most favorable to the State, we conclude that a rational trier of fact could have found, by a preponderance of the evidence, that, by failing to take the polygraph examination promptly, the defendant failed to comply with a mandatory condition of his suspended sentence. The record establishes that Edge told the defendant in April 2014 to take a polygraph examination, but that by June 2014, he had not done so.

Because the defendant did not testify at the hearing, he did not personally explain his failure to comply with Edge's recommendation to take the polygraph examination. Rather, his explanations were presented to the trial court only through Edge's testimony. The trial court was not required to credit the defendant's explanations, which were presented by Edge. Cf. In the Matter of Henry & Henry, 163 N.H. 175, 181 (2012) (as trier of fact, a trial court is entitled to accept, in whole or in part, witness testimony and to disbelieve even uncontroverted evidence). Indeed, the trial court found those explanations to be "self-serving." Nor was the court required to find that they justified the defendant's failure to comply with Edge's recommendation that he take the polygraph.

Viewed in the light most favorable to the State, we hold that there was sufficient evidence to support a finding, by a preponderance of the evidence,

that the defendant failed to "follow all recommendations" of his counselor, and, thus, did not comply with a mandatory condition of his suspended sentence.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

.