Hillsborough-southern judicial district
No. 96-380

### THE STATE OF NEW HAMPSHIRE

v.

### SHAWN KIERSTEAD

April 29, 1997

*Jeffrey R. Howard*, attorney general (*Malinda R. Lawrence*, attorney, by brief), for the State.

*David M. Rothstein*, assistant appellate defender, of Concord, by brief, for the defendant.

### MEMORANDUM OPINION

PER CURIAM. The defendant, Shawn Kierstead, appeals the decision of the Superior Court (*Dalianis*, J.) imposing six months of his previously suspended sentence. We affirm.

On December 20, 1994, the defendant pled guilty to two counts of aggravated felonious sexual assault, *see* RSA 632-A:2 (1996), and one count of burglary, *see* RSA 635:1 (1996). The Trial Court (*Hampsey*, J.) sentenced him to concurrent three to six-year terms on the sexual assault charges. On the burglary charge, the trial court suspended all of the three-and-one-half to seven-year sentence, which was to be served consecutive to the sentences for the sexual assaults, "conditioned upon good behavior and compliance with all of the terms of this order." All three sentences prohibited the defendant from any "contact, direct or indirect, with the victim."

On December 7, 1995, the defendant violated the "no contact" provision by repeatedly telephoning the victim. Subsequently, the

State moved to impose the suspended burglary sentence. Finding that the violation was not "egregious enough to warrant the imposition of the full sentence," the trial court imposed six months of the suspended sentence, adding it onto the minimum term of the defendant's sexual assault sentences. The defendant appeals.

"[Sentencing] is not about one decision made at a single time and place, but about a process that involves a number of interrelated decisions that may span several years in a given case and involve a number of different decision makers." R. DAWSON, SENTENCING: THE DECISION AS TO TYPE, LENGTH, AND CONDITIONS OF SENTENCE 3 (F. Remington ed., 1969). The legislature has vested in the trial court the power to adapt sentencing to best meet "the constitutional objectives of punishment, rehabilitation and deterrence." *State v. W.J.T. Enterprises*, 136 N.H. 490, 495, 618 A.2d 806, 809 (1992) (quotation omitted). "Within these parameters, the judge has broad discretion to assign different sentences, suspend sentence, or grant probation." *Id.* (quotation omitted).

■ The defendant notes that on December 7, 1995, when he violated the "no contact" order, his suspended sentence on the burglary charge had not yet commenced to run. He argues that the trial court was not authorized to impose a suspended sentence that was not in effect at the time of its violation. Although the legislature has determined that the trial court may suspend a sentence "at the time of imposition of the sentence or at any time thereafter," RSA 651:20, I (1996), the proper time period for the trial court to impose a previously suspended sentence presents an issue of first impression for this court. Today we join the overwhelming majority of federal and state courts in holding that a suspended sentence may be imposed or probation revoked for acts committed by a defendant after imposition of the sentence but before commencement of the suspended sentence or probationary term. *See, e.g., Knight v. United States*, 73 F.3d 117, 120-23 (7th Cir. 1995), *cert. denied*, 117 S. Ct. 90 (1996); *State v. Tatro*, 659 A.2d 106, 115 (R.I. 1995); *State v. St. Francis*, 628 A.2d 556, 557 (Vt. 1993). *See generally* Annotation, *Power of Court to Revoke Probation for Acts Committed After Imposition of Sentence but Prior to Commencement of Probation Term*, 22 A.L.R.4TH 755 (1983).

The purpose of suspending the defendant's sentence was to provide him a chance to display the "good behavior" that was a fundamental condition of his sentence suspension. Once the defendant chose to rebuff the opportunity extended to him, the trial court

did not abuse its discretion by imposing a portion of his previously suspended sentence.

*Affirmed.*

All concurred.