NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough–southern judicial district
No. 2012-802

THE STATE OF NEW HAMPSHIRE

v.

BARION PERRY

Argued: November 14, 2013
Opinion Issued: January 14, 2014

Michael A. Delaney, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

David M. Rothstein, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Barion Perry, appeals an order of the Superior Court (Nicolosi, J.) imposing a suspended sentence. He argues: (1) the trial court erred in imposing the sentence based on conduct that occurred before he was released from custody; and (2) imposition of the sentence violated due process. We affirm.

The record supports the following facts. On February 18, 2010, the defendant pleaded guilty to one count of receiving stolen property (docket number 09-S-1245), see RSA 637:7, and one count of stalking (docket number

09-S-1246), <u>see</u> RSA 633:3-a.  At that time, the defendant was serving a sentence of three to ten years on unrelated burglary and theft charges (docket numbers 07-S-231 and 232).  During the plea and sentencing hearing, the court (<u>Lynn</u>, C.J.) engaged in a colloquy with the defendant.  The pertinent portions of the colloquy are as follows:

> THE COURT:  . . .  As I understand it, the plea agreement here calls for you to receive suspended sentences, right?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Here's what I want to make sure you understand.  Let's suppose that I accept this agreement and I impose the suspended sentences, okay?
>
> But, you know, <u>sometime after you're released from jail, but while you're still subject to the suspended sentences, you get into some further trouble, at that point the State could ask that these sentences be imposed</u>, do you understand?
>
> THE DEFENDANT:  Yes, sir.
>
> . . .
>
> THE COURT: Can you tell me, please, what you understand the terms of the agreement to be?
>
> THE DEFENDANT:  A suspended sentence - -
>
> THE COURT:  Pardon?
>
> THE DEFENDANT:  Three and a half - - three and a half to seven suspended for five years.  <u>And it starts after my max is done on my old charges</u>.
>
> THE COURT:  Okay.  Right, on - - okay.  And these sentences on these two new charges are concurrent with one another, but they are consecutive to the sentences that you're serving on the current charges, is that right?
>
> THE DEFENDANT:  Yes, sir.
>
> . . .

2

THE COURT: . . . [T]he sentence on these two new charges, 1245 and 1246, would be three and a half to seven, consecutive to docket numbers 07-231 and 232, which you're already serving sentences on.

All suspended for a period of five years from the date of your release on the current ones that you're serving, is that right?

THE DEFENDANT: Yes, sir.

(Emphasis added.) After the colloquy, the defendant pleaded guilty to both charges. The court accepted the plea, and announced the defendant's sentence as follows:

. . . [U]pon Defendant's plea of guilty, findings of guilty are entered and the following sentences, which are concurrent with each other, but consecutive to docket numbers 07-S-231 and 232 are imposed.

The Defendant is sentenced to the New Hampshire State Prison for not more than seven years, no less than three and a half years. The sentences are to be served as follows.

All of the minimum sentence[s] and all of the maximum sentences are suspended. Suspensions are conditioned upon good behavior and compliance with all of the terms of this order. Any suspended sentence may be imposed after a hearing brought by the State within five years of the Defendant's release on docket numbers 07-S-231 and 232.

(Emphasis added.) The mittimi for docket numbers 09-S-1245 and 1246 both state, "Any suspended sentence may be imposed after a hearing brought by the State within five years of release on 07-S-231-2." Additionally, an addendum to the sentence reads, "If the defendant violates any of the terms and conditions of this addendum or the sentencing order, the State may move at any time to have the suspended or deferred sentence imposed." (Emphasis added.)

Subsequently, on July 19, 2012, the defendant was convicted by a jury of burglary and theft, arising from events occurring on November 14, 2011. At the time of the 2011 burglary and theft, the defendant was serving the sentence on the prior burglary and theft charges (docket numbers 07-S-231 and 232) on administrative home confinement.

3

After the defendant's conviction on the 2011 burglary and theft charges, the State moved to impose the suspended sentence on docket numbers 09-S-1245 and 1246. The defendant objected. He argued that the five-year suspension period would not commence until his "release" from custody on docket numbers 07-S-231 and 232, and that administrative home confinement does not qualify as such a "release." The trial court disagreed, and imposed the suspended sentence.

On appeal, the defendant contends that the trial court erred in imposing a suspended sentence based on conduct that occurred prior to his release from custody. His argument rests on two premises: (1) the terms of the suspended sentence, as discussed during the colloquy between him and the court, dictate that it be applied only to conduct occurring after his release from custody; and (2) although he was no longer in prison at the time of the 2011 burglary and theft, he was serving his prison term through administrative home confinement and thus had not been released from custody. The defendant also argues that the trial court's imposition of the suspended sentence violated due process because he did not have fair notice of the terms of his sentence. In response, the State argues, in substance: (1) the language of the colloquy and sentencing order is clear, and permits the imposition of the suspended sentence; (2) under the sentencing order, the suspended sentence could be imposed once the defendant was "released" on administrative home confinement; and (3) imposition of the suspended sentence did not violate due process because the trial court was not unclear.

"We review a trial court's decision to impose a suspended sentence for an unsustainable exercise of discretion." State v. Gibbs, 157 N.H. 538, 540 (2008). "To meet this standard, the defendant must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of his case." State v. Ainsworth, 151 N.H. 691, 694 (2005).

Assuming, without deciding, that the defendant had not been released from custody when the trial court imposed the suspended sentence, and that the suspension period did not commence until such a release, we conclude that the court did not err in imposing the suspended sentence. Under New Hampshire law, a suspended sentence may be imposed after the sentence is announced, but before commencement of the suspended sentence term. See State v. Kierstead, 141 N.H. 803, 804 (1997) (per curiam). For example, in Kierstead, the trial court sentenced the defendant to three to six years on two charges, to be served concurrently, and suspended a sentence of three and a half to seven years on another charge, to be served consecutively. Id. at 803.

4

The trial court later imposed a portion of the suspended sentence because the defendant violated a no-contact provision of the sentence by repeatedly telephoning the victim from prison. Id. at 803-04. On appeal, the defendant argued that his suspended sentence could not be imposed as a result of this violation because the suspension period had not commenced. Id. at 804. We reasoned:

> The defendant notes that on December 7, 1995, when he violated the "no contact" order, his suspended sentence on the burglary charge had not yet commenced to run. He argues that the trial court was not authorized to impose a suspended sentence that was not in effect at the time of its violation. Although the legislature has determined that the trial court may suspend a sentence "at the time of imposition of the sentence or at any time thereafter," RSA 651:20, I (1996), the proper time period for the trial court to impose a previously suspended sentence presents an issue of first impression for this court. Today we join the overwhelming majority of federal and state courts in holding that a suspended sentence may be imposed or probation revoked for acts committed by a defendant after imposition of the sentence but before commencement of the suspended sentence or probationary term.

Id. (emphasis added).

Nevertheless, the defendant argues that this case is distinguishable from Kierstead because here, unlike in Kierstead, the imposition of the suspended sentence directly contradicted the language of the trial court's sentencing order and plea colloquy. In Kierstead, there was no indication that the trial court provided the defendant with any information contrary to the sentencing order. Id. The defendant maintains that the resulting ambiguity here — which did not exist in Kierstead — violated his due process rights. We disagree.

Because the defendant's due process argument raises a question of constitutional law, we will review it de novo. See State v. Van Winkle, 160 N.H. 337, 340 (2010). The defendant relies upon both the State and Federal Constitutions. We first address his claim under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983).

"We have held that at the conclusion of the sentencing proceeding, a defendant and the society which brought him to court must know in plain and certain terms what punishment has been exacted by the court as well as the extent to which the court retained discretion to impose punishment at a later date and under what conditions the sentence may

5

be modified." State v. Almodovar, 158 N.H. 548, 550 (2009) (quotation and brackets omitted). "Due process requires a sentencing court to make clear at the time of sentencing in plain and certain terms what punishment it is exacting as well as the extent to which the court retains discretion to impose punishment at a later date and under what conditions the sentence may be modified." State v. Burgess, 141 N.H. 51, 52 (1996) (quotation, ellipses, and brackets omitted) (emphasis in original). "The sentencing order must clearly communicate to the defendant the exact nature of the sentence." Id. (quotation and brackets omitted).

Here, it was clear at the time of sentencing that the five-year suspension period commenced upon the defendant's "release on docket numbers 07-S-231 and 232." The trial court's use of the term "release" signified the start of the five-year sentence suspension that would follow the period of incarceration. In addition, the trial court "ma[d]e clear . . . the extent to which the court retains discretion to impose punishment at a later date." Burgess, 141 N.H. at 52. The language of the mittimi and the addendum to the sentence clearly indicate that the suspended sentence could be imposed prior to the commencement date. The addendum to the sentence, which the defendant signed, states, "If the defendant violates any of the terms and conditions of this addendum or the sentencing order, the State may move at any time to have the suspended or deferred sentence imposed." (Emphasis added.) Moreover, the language from the plea colloquy is not ambiguous. The phrases "after you're released from jail" and "five years from the date of your release," spoken by the trial court, and "starts after my max is done on my old charges," spoken by the defendant, all refer to the commencement of the five-year suspension period, rather than the period in which the sentence could be imposed. As we have noted, "a suspended sentence may be imposed . . . for acts committed by a defendant . . . before commencement of the suspended sentence" term. Kierstead, 141 N.H. at 804.

Finally, as noted by the trial court, the purpose of suspending a sentence is to provide a criminal defendant with the opportunity to display good behavior. See id. The defendant declined to take advantage of this opportunity. Accordingly, we hold that the imposition of the defendant's suspended sentence was not a violation of his state constitutional due process rights.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. See Burgess, 141 N.H. at 52; Sattazahn v. Pennsylvania, 537 U.S. 101, 115

(2003).  Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

<u>Affirmed</u>.

DALIANIS, C.J., and CONBOY and BASSETT, JJ., concurred.